### HOFFMAN *against* LIVINGSTON.

Where a motion on some interlocutory matter in a cause, has been once heard and decided on, it cannot be repeated unless on a new ground. It is not enough that additional evidence is offered by the affidavits, of the matter urged in support of the former motion ; nor can affidavits be received on such motion to aid the answer of the defendants.

If the answer denies all the equity of the bill, the injunction to stay proceedings, at law, will be dissolved of course ; otherwise, it will be continued until the hearing : and where it may be necessary to ascertain any matter of fact, for the information of the court, it must be on an issue at law, awarded for that purpose.

*VAN VECHTEN*, for the defendant, moved to dissolve the injunction heretofore issued in this cause, so far as to suffer the defendant to go to trial for so much of the land in the plaintiff's possession as was not included in the farm, as possessed by *Hendrick Hoffman*, in *December*, 1784. He read the affidavits of *Simon Melius, Caleb Finch,* and *Robert Thompson,* a surveyor, to show that there was a considerable part of the land in the plaintiff's possession not included in the old farm.

*Henry,* contra, objected on the following grounds :

1. That a similar motion was made, and denied, the 6th of *August,* 1810.

2. That the defendant is not entitled to produce affidavits in addition to his answer, in support of such a motion.

3. That a permission to go to trial at law, and not by an issue under the direction of this court, is asked for in respect to a part of the subject matter in controversy.

THE CHANCELLOR. There is weight in all the objections. The same interlocutory motion, on the same matter, ought not to be repeated, without the existence of some new

1814.

HOFFMAN
v.
LIVINGSTON.

ground. The former motion, on the same point, was heard, discussed, and decided ; and there would be great vexation if the same motion can be repeated. But it is said that the affidavits present new matter. They are intended, however, only as additional evidence of the matter urged in support of the former motion ; nor is it usual or proper to introduce affidavits (taken, necessarily, *ex parte*) to aid the answer, on such a motion. The plaintiff is not permitted to traverse and contradict the answer by affidavits ; but the injunction is dissolved, of course, if the answer denies all the equity in the bill. If the answer is not sufficient, of itself, to support the motion, the injunction ought to be continued to the hearing.

When the court has jurisdiction of the case, and the answer is not sufficient to dissolve an injunction staying proceedings at law, there ought not to be a trial of any part of the matter in controversy, but such as shall be awarded for the information of this court. When it becomes necessary to ascertain what was the extent of the farm, as occupied by *Hendrick Hoffman*, in *December*, 1784, this court will take the proper measures for that purpose. The rights of the parties cannot be ascertained until the hearing, and, until then, it would be inconvenient, and might be dangerous, to permit any interference at law.

Motion denied, with costs.