## SUPREME COURT.

CHARLES VAN BENTHUYSEN agt. AMBROSE STEVENS and others.

Where *short service* of motion papers is made by mail, but actually received, and subsequently, in time, a *notice* is *personally* served that at the same special term mentioned in the former notice, a like motion will be made upon the papers, copies of which have been served by mail. The papers, copies of which were served by mail, may be read on the motion. They are none the worse for having come into the possession of the party through the post-office. It is enough that he has them.

As to the question, whether the "name of the court," omitted in the complaint, is sufficient ground to set it aside, where the name of the court is contained in the summons, the case of *Van Namee* agt. *Peoble*, (9 *How, Pr. R.* 198,) settles that in the negative.

*Albany Special Term, Oct.,* 1856.

MOTION to set aside complaint.

A summons and complaint were served on the defendant Stevens on the 29th of September. The summons was entitled in the *supreme court*, but no court is mentioned in the complaint. On the 17th of October, the defendant Stevens, who resides at Batavia, and appears in person, served papers for this motion, by mailing the same at the place of his residence, upon the plaintiff's attorney, who resides at Albany. The term for which the motion was noticed was held on the 28th of October—*eleven* days after the papers were mailed. The papers were, in fact, received by the plaintiff's attorney on the 19th of October. On the next day the defendant served upon the plaintiff's attorney, personally, a notice that at the same special term mentioned in the former notice he would move upon the papers, copies of which had been mailed on the 17th of October, at Batavia, to set aside the complaint.

The ground of the motion is, that the name of the court is not specified in the complaint.

W. D. WHITE, *for plaintiff.*

L. TREMAIN, *for defendants.*

HARRIS, Justice. It was objected, upon the motion, that the papers served by mail, *eleven* days before the motion, could not be read. I was at first inclined to think the objection well taken : but I am satisfied that the defendant was entitled to use these papers in connection with the notice of the motion which had been personally served. When that notice was served, the papers were in the hands of the plaintiff's attorney. They were none the worse for the fact that they had come to his possession through the post-office. It was enough that he had them. Nothing could be gained by delivering new copies. They might be used, not because they had been served by mail, but because, by some means, they had come into the hands of the plaintiff's attorney, and were then in his possession.

But upon the merits, this motion must fail. This precise question was decided in *Van Namee* agt. *Peoble*, (9 *How. Pr. R.* 198.) Though there is a technical omission in the complaint, yet the defendant could not have been injured by it. Under such circumstances, the 176th section of the Code makes it the duty of the court to disregard the defect.

The motion is denied, with costs.