## WHITE *a.* MUNROE.

*Supreme Court, First District; General Term, June,* 1861.

### DISCOVERY AND INSPECTION.—APPEAL.

An order (*Code,* § 388) granting an inspection or copy of books, papers, and documents relating to the merits of the suit, rests in the discretion of the judge; and the court will not, on appeal, review the question whether, under all the circumstances, the case was a proper one for the exercise of the power.

It is entirely in the discretion of a court to hear a renewal of a motion or not. They can, as they may deem advisable, hear it on precisely the same papers; and their discretion in this respect cannot be reviewed by an appeal from the order.

Appeal from an order granting an inspection of books and papers.

BY THE COURT.*—CLERKE, P. J.—I doubt very much whether this is an appealable order. If it is made pursuant to section

---

* Present, CLERKE, SUTHERLAND, and INGRAHAM, JJ.

388 of the Code, it clearly is not. The very language of the section says, the court "may in their discretion" order either party "to give to the other an inspection or copy, etc., of any books, papers, and documents, etc."

The section of the Revised Statutes relating to this subject (2 *Rev. Stat.*, 199, § 21) says, "The court shall have power in such cases, as shall be deemed proper, to compel any party to a suit pending therein, to produce and discover books, papers, and documents in his possession or power, relating to the merits of any such suit, or of any defence therein."

Does not this necessarily import a discretionary power in the court to determine, under all the circumstances, whether the case is a proper one for the exercise of the power? The judge may deem it proper to deny the application, unless the party· should be afforded an opportunity, by being examined, of accompanying the production with a statement of every thing which is necessary to protect him from consequences. Or, he may think, as in the present case, where the defendants live in a distant and foreign country, and where the difficulties of examining them under a commission would be very great, that it was eminently proper that they should be compelled to produce or furnish copies of the required papers. But this entirely depends upon what the judge, before whom the application is made, may consider proper, in view of all the circumstances of the case.

It may be a different question if the court, on an application of this kind, granted an order to make a general search and examination for evidence among the private books and papers of his adversary; such as has been called in England an "indefinite search."

But the Code and the Revised Statutes give the power to order the inspection or production of books, papers, etc., relating to the merits of the suit.

It is not denied that, in the cases before us, the papers of which copies are required do relate to the merits of the controversy.

The objection is made, that the motion was a renewal of a previous motion, and that although the latter was denied without prejudice to renew, the second motion could be made only on new grounds.

It is entirely in the discretion of a court to hear a renewal of a motion or not. They can, as they may deem advisable, hear it on precisely the same papers. This, of course, will be rarely allowed; it would be productive of most serious inconvenience; but still there may be occasions which would render it essential to justice. In motions such as these, not appealable, for instance, a grievous wrong may be committed by some misapprehension or inadvertence of the judge, for which there would be no redress if this power did not exist.

If, even, I did not think these cases were not appealable, I should say the orders were properly granted.

The appeals should be dismissed, with $10 costs in both.

## COOK *a*. FARMER.

*Supreme Court, First District; General Term, June,* 1861.

Service by Publication.—Affidavit of Absence.

An affidavit made to obtain an order for service of summons by publication is insufficient to sustain an order which directs publication merely, without directing service by mail, unless such affidavit shows the fact of plaintiff's inability to discover the place of residence of the defendant sought to be served.

An order made on such a defective affidavit is without jurisdiction.

Appeal from an order denying motion that purchaser complete purchase on sale in partition.

This was an action brought for the partition of lands. One of the defendants, Josephine A. Demphill, was an infant, and resided in California. By the plaintiff's affidavit to obtain an order for service by publication, it appeared that "Josephine Demphill resided in California, but her present place of residence therein deponent was unable to state." On this affidavit, the judge made an order that it appeared to his satisfaction that the defendant Josephine could not, after due diligence, be found