## SUPREME COURT.

THE TOWN OF MIDDLETOWN in behalf of itself and all other Stockholders of the Rondout and Oswego Railroad Co. agt. THE RONDOUT AND OSWEGO RAILROAD CO., JOHN C. BROADHEAD, and others.

### THE SAME agt. THE SAME.

A *county judge* has no power or jurisdiction, on granting an *injunction ex parte*, to grant an order to *show cause*, returnable *before himself*, why such injunction should not be *continued*. (*Affirming S. C., at special term, ante. p.* 144,) PARKER, J., *dissenting.*

Where an application for an injunction is denied upon two legal propositions stated by the judge, (which are erroneous,) when it should have been denied upon the facts, instead of the law, the order of denial will not be reversed on appeal, as the judge below arrived at the correct conclusion, though for the wrong reason.

Where separate attorneys appear on a motion, for different parties, in the same action, the costs of but *one motion*, $10, can be allowed.

*Third Department.*

*Before* POTTER, PARKER *and* DANIELS, *JJ.*

THESE are different appeals taken from orders made in the same case at different special terms, one from the third, the other from the sixth judicial district, and may be considered together. They involve different questions of practice, but originated in the attempt to secure the same object, to wit, to obtain an injunction against the acts or threatened acts of the defendants. The first is an appeal from an order at special term in the third district, dissolving an injunction granted by a county judge. The second is an appeal from an order at special term in the sixth district, to grant an injunction. The plaintiffs appeal from both orders.

The action was brought by the town of Middletown which,

Town of Middletown agt. The Rondout & Oswego R R. Co.

under what is called the bonding act; is a stockholder in the Rondout & Oswego Railroad Company ; and they sue in behalf of themselves and all other stockholders in said railroad company, and they allege that they bring the action by direction of the commissioners of said town who were duly appointed by the county judge under the statute in that year, to issue bonds and take stock.

The main object of the action is to restrain the railroad company from entering into a contract with the defendants Green & Satterlee, for the construction of the incompleted portion of the road, and to pay or compensate said contractors therefor by giving them the earnings or income of the said road for a period of years, but they also ask, that said contract be annulled, all other material facts will sufficiently appear in the opinion.

T. R. WESTBROOK, *for plaintiffs.*

A. SHOONMAKER, Jr., and S. HAND, *for the Railroad Co.*

BELL, BARTLETT and WILSON, *for the defendants Green & Satterlee.*

POTTER, *J.*—The plaintiff obtained an injunction from the county judge of the county of Ulster, the county in which the venue was laid which was in the following form :

" Sufficient cause appearing therefor by the complaint in this action, only verified and by the affidavits of Thomas Cornell and Theodorice R. Westbrook, you and each of you, and your and each of your attorneys, agents and servants and confederates are enjoined and restrained from making, executing or consummating or carrying into effect, or attempting to do so, a lease or sale upon my terms whatever of the Rondout & Oswego Railroad, its property and franchises, or any part thereof, or any interest therein to the defendants, John A. Green and John Satterlee, or either of them, or to any person or persons whomsoever, until the further order

of the court in the premises, and you are further required to show cause before me at my office in the village of Rondout, on the 14th day of February, 1872, at 10 o'clock A. M. why this order should not be continued. Dated, Rondout, February 5, 1872."

On the 9th day of February, then instant, the defendants, Green & Satterlee obtained from a justice of the supreme court in New York, an order in the same case of which the following is a copy :

"On the summons, complaint, affidavits, injunction, and all the papers heretofore served in this action, and on the affidavit of Edward T. Bartlett hereto annexed, let the plaintiffs or their attorneys show cause before a justice of this court at a special term thereof to be held at the city hall in the city of Albany, county of Albany, on Tuesday the 27th day of February, 1872, at 10 o'clock in the forenoon, or as soon thereafter as counsel can be heard, why the complaint in this action should not be set aside as irregular, in that it does not contain the title of the cause specifying the name of the court in which the action is brought, the name of county in which the plaintiffs desire, the trial to be had, or the names of parties to the action, plaintiffs and defendants nor any or either of said facts. Also show cause why the moving defendants, John A. Green and John Satterlee should not have such other or further relief as to the court may seem just, together with the costs of this motion.

"And it is further ordered, that until the hearing and determination of this motion, all proceedings on the part of the plaintiffs be stayed not exceeding twenty days, and the moving defendants to have ten days after the determination of this motion, if the same be denied to answer the complaint herein. Dated February 9th 1872." At this date the plaintiff's complaint had not been served. At a subsequent day (February 15th) the justice who granted the last above order so modified it, on an application of the plaintiff's attorneys,

as to allow the plaintiffs to serve their complaint, and it was accordingly served.

On the 12th of February, then instant, the attorneys of the railroad company applied at special term of the supreme court in the third judicial district, and obtained an order of which the following is a copy.

"On the summons, complaint, affidavit, injunction, and all the papers heretofore served in this action, and on an affidavit of Augustus Schoonmaker, Jr., herein, a copy whereof is herewith served, let the plaintiff in this action show cause at a special term of this court, appointed to be held at the city hall in the city of Albany, on Tuesday the 27th day of February, 1872, at the opening of the court on that day, or as soon thereafter as counsel can be heard, why the complaint served in this action should not be set aside as irregular in that it does not contain the title of the cause specifying the name of the court in which the action is brought, the name of the county in which the plaintiff desires the trial to be had, or the names of the parties to the action, plaintiffs and defendants, nor any nor either of said facts, with costs of this motion. Also show cause why the moving defendants herein should not have such other or further order or relief as to the court may seem just. And it is further ordered, that until the hearing and determination of this motion, all proceedings ont he part of the plaintiff (except a postponement of the motion for injunction) be stayed, not exceeding twenty days, and the moving defendants herein to have ten days after the determination of this motion if the same be desired to answer, or demur to the complaint herein."

On the 27th February, 1872, at the special term of the supreme court held at Albany, on that day a motion was made upon hearing of all the parties, when it was ordered, that the injunction order made by the judge of Ulster county, on the 5th February, 1872, be and the same hereby is set aside with ten dollars costs of motion, to be paid by the plaintiffs to the defendants appearing by Schoonmaker and

·Hardenburgh as attorneys, and also ten dollars costs of motion to be paid by the plaintiff to the defendants appearing by Bell, Bartlett and Wilson as attorneys, and this order is made on the ground that the county judge had no power or jurisdiction to make the order granted by him."

This is the first order appealed from before us for review.

After the decision of this motion and the making of this order, the plaintiffs applied upon the same, and some additional papers to a judge of the supreme court of the sixth judicial district, on the 11th March, 1S72, and obtained an order for the defendants to show cause before the same judge on the 15th day of March, then instant, why they should not be enjoined from consummating the same contract, or attempting to do so. On the day appointed the parties all appeared, and were· fully heard before the said judge, who ·after reciting the facts, held as follows:

"I do hereby order that the motion for an injunction in this action restraining the defendants as specified in said order to show cause, be and the same hereby is denied, and that the plaintiff pay to the defendants ten dollars costs of this motion. And it is further ordered that the order restraining the defendants until the return day of said order to show cause be and hereby is vacated.

It is held, that the railroad company has no power to lease its roads to individuals, to be operated by them without the supervision or control of the company, that the contract entered into was such lease, but the action cannot be brought by the railroad commissioners in the name of the town. It should be brought by the supervisor. For this reason, this application for injunction is denied.

This is the second order appealed from.

There were several questions of pretty sharp practice between the attorneys appearing, upon papers which were somewhat discussed on the argument, but which, cannot be reviewed on these appeals. The decsion of neither of the motions were made or controlled on that ground. The two

orders in question, must be separately examined. And I think, if the orders are right in the result, they should be affirmed, even if the decisions were placed upon erroneous grounds.

Order *1st :*

1. Had the county judge power to make the order that was so set aside ?

The power of the county judge is obtained from the 218 and 219th sections of the Code. The order granted by him was an absolute order unlimited in its effects as to time, except in law, it was subject to the power of the court to make a further order therein. It also, as a part of the order, in terms, directed the defendants to show cause before the said county judge on the day named, why the order should not be continued. This branch of the order he had no power to make (*Parmenter* agt. *Roth,* 9 *Abb. N. S.,* 392; *Rogers* agt. *McElhone,* 20 *How.,* 441; *Merrill* agt. *Slocum,* 3 *How.,* 309).

An order to show cause is equivalent to a notice of motion, and such a motion in a cause pending in the supreme court, cannot be heard before a county judge. This part of the order, then, of the county judge was void. The 94th rule of the supreme court could not enlarge the statute powers of the county judge.

The order obtained in New York which stayed the proceedings, and prevented the parties appearing before the county judge on the day, to show cause, did not affect this clause of the order, it being void. If the other part of the order remained in force, it then became the more objectionable in that it became a permanent and continuing order of injunction, granted upon the merits of the case, before the service of the complaint or answer. Was the whole order then a nullity, by reason of its omission to comply with the 94th rule of the supreme court, which requires that it contain an order to show cause within ten days, why such order should not be continued?

The 94th rule allows such an order to be made only when made in connection with the additional order, to show cause before a proper forum possessing the power upon a motion, to continue it, to dissolve or set it aside (*Parmenter* agt. *Roth*, 9 *Abb. N. S.*, 392).

An order to that effect void in itself, is precisely as if no order had been made. By virtue of section 470 of the Code, this 94th rule is the law of the courts. The court that should declare such an order void, would be only acting consistent with duty, and we should, therefore, sustain its decision. But there is, I think, another reason in law why the special term should have declared this order to be void. It is within the spirit of section 223 of the Code, and rule 94 of this court, that injunction orders granted *ex parte* are not intended to have legal effect for a longer period than ten days. The case of *Harold* agt. *Hefferman* (42 *How.*, 242), holds, to the same view. More than ten days had elapsed from the date of the county judge's order, before it was reversed or set aside at special term. If its force had ceased, the declaring it void was harmless. The order then made and appealed from, only had the effect to put the question at rest from further litigation or controversy. I am also inclined to think, from an examination of the case upon the merits, looking at the claimed equities as set forth in the complaint, which are mostly, upon information and belief, and that the denials made by the parties defendants who speak from more positive and better knowledge; that the injunction should have been dissolved for this reason, had there been no other legal objection to it. Most of the substantive allegations are upon information and belief. These, without denials, are not sufficient to sustain an injunction (*Campbell* agt. *Morrison*, 7 *Paige*, 157, 160; *Bank of Orleans* agt. *Skinner*, 9 *Paige*, 305–6; *Jewitt* agt. *Allen*, 3 *How.*, 129; *Williams* agt. *Lockwood*, *Clarke, Ch.*, 172). But all the material equities are not by denials. For this reason, it should have been dissolved (*Hoffman* agt. *Livingston*, 1

*Johns. Ch.,* 211 ; 18 *How.,* 158, 186). Besides the grant-
ing or continuing an injunction before final hearing generally
depends upon the discretion of the court, and is governed by
the nature and circumstances of the case ( *Robert* agt. *An-
derson,* 2 *Johns. Ch.,* 202). I do not deem it necessary to
discuss the question of the weight of evidence upon each
of the charges made upon the papers at length. If the in-
junction should have been dissolved instead of being set
aside, the order will not be reversed on account of the form
of the order. The court did what they should have done in
another form. If we are right in the views above expressed,
it is not necessary to discuss the other questions in the case
under this point. The result of the decision is right.

*Second order* :

The learned judge who denied the motion for the injunc-
tion upon an order to show cause, and upon hearing of all
parties, laid down in his order four distinct propositions, two
of which were in favor of the views of the plaintiff, viz. :

*First.* " That the railroad company has no power to lease
its road to individuals to be operated by them, without the
supervision or control of the company."

This is a compound legal proposition in favor of the plain-
tiff's view, whether sound or not, as there is no appeal from
it, will only be necessary to discuss if the third and fourth
propositions are erroneous.

*Second.* " That the contract entered into was such lease."
This is also, a proposition in favor of plaintiffs, whether it
was such lease, there being no appeal from it, like the first
proposition, it is not now necessary to discuss.

*Third.* " The action cannot be brought by the railroad
commissioners in the name of the town", and

*Fourth.* " It should be brought by the supervisors."

On these two last propositions, which may be considered
as one, the application for the injunction was denied. And
for this the appeal is brought.

This motion was made upon additional papers to these

used on the preceding one, and it was also resisted upon fuller explanations and denials. After a careful examination of the case, I do not think, the application upon the whole papers was made stronger, than at first, on the part of the plaintiff, and had the judge denied it upon the facts instead of the law, it would have been right by every rule of practice in equity known as to granting, sustaining and dissolving injunctions. The motion should have been denied on this ground. I think, therefore, that the judge arrived at the correct conclusion on the motion, though for a wrong reason, as to the legal propositions.

I think it will hardly be contended at this day, that corporations can perform no act and can make no contract but such as the statute in express language authorizes. The contrary is true. They being invested with the powers of natural persons for the purposes specified, they, to a certain extent, may enter into any contract to carry out that object which is not in violation of some public law, or contrary to public policy. Subject, as other trustees are, to being called to account for acts which are greatly prejudicial, unjust, or fraudulent towards stockholders, or parties interested. The contract complained of in this case was one purporting to be for the purpose of constructing and fiurnishing the railroad of the corporation. This was the very object of their creation. This was a purpose expressly authorized by the statute. To do this, even if it was not incident to the conferred powers, the statute also authorized them in express terms, to borrow money, to complete, furnish and operate their road; and while the statute conferred upon them the right to use various methods, and among them, that of mortgaging their property and franchises for the payment of any debt or contract they may have made, it does not in terms, prohibit any contract to secure that end. A railroad corporation can only contsruct their railway through the means of personal agencies, such as contractors, engineers, &c. The whole completion of this road, including materials, fencing and other expenses,

was by this contract, to be done and furnished by the defendants who are called therein, the contractors. To secure them for such advances and for so constructing and completing the railway, the contract provides a security by pledging the property so to be completed, with its franchises and income to such contractors. The character of this contract or its designation in law, may be a question of law. Its name is entirely an immaterial matter. It has the characteristics of a mortgage, and is for certain purposes a mortgage to secure for future advances to the main object of the enterprise. And if there is any feature in it that partakes of the nature of a lease, it does not destroy its character as a mortgage, and I am unable to see that such a contract is prohibited by law, or against public policy. It is a contract for security, for means to be borrowed; to enable the railroad company to construct and complete their road. This is not *ultra vires*. I do not hold that it would were it a lease only.

As I have failed to discover in the facts presented in the papers, any apparent injustice towards stockholders in this contract or any infraction of legal rights thereby committed, there is no reason to reverse the order on that ground. Nor can I find from the language of the contract, that it is a lease to individuals to operate the road without the supervision or control of the company. So far as this is a question of fact, I differ from the learned judge. The company have as good a right to employ the contractors as their agents to run and operate the road as others. It can only be done by agents; contractors are not excluded from being agents, and the right of the contractors thus to secure their advances, by acting as such agents, is not forbidden in law. I think, the learned judge was in error in his view of the law in this regard, while, I think, the conclusion of the learned judge in denying the injunction was right, and while it is therefore unnecessary, further to discuss his view of the right of the railroad commissioners to bring the action, and the

necessity of its being brought by the supervisor, I merely desire to say, that I do not intend to be understood as adopting his view of the law, in that regard. By the terms of the proposed contract, the railroad company have not attempted to transfer the right of eminent domain, nor is all supervision or control of the franchise transferred by this contract. I think this order should also be affirmed, with ten dollars cost of each motion to each party who separately appear by counsel.

DANIELS, *J.*—I concur in the conclusion as to each of the orders appealed from, but think as the Code confers power to impose costs on the decision of a motion only to the extent of ten dollars, that all the costs allowed should not exceed that limit.

PARKER, *J.*—I am of the opinion, that the injunction order granted by the county judge of Ulster, was valid as within his authority to grant, and that upon the merits, it should have been sustained. I think, therefore, that the order setting it aside should be reversed with ten dollars cost.

In the other case, I think, enough was shown to entitle the plaintiff to the injunction order, for, whether the suit was commenced by the commissioners or the supervisors of the town, is not a question proper to be considered upon the motion.

This order should also be reversed, with ten dollars cost.

I agree with judge DANIELS, that only ten dollars cost were allowable upon each motion, and not that sum to each party appearing by a different attorney, and the same upon each appeal.