# N. Y. SUPERIOR COURT.

Asa Hall, plaintiff and appellant, agt. John Emmons, Jr.,
Hanford Smith and James L. Paine, defendants and
- · respondents.

An order allowing bail to surrender their principal, *is appealable.*

Before and since the Code, it has been the practice that a special *motion cannot be
renewed* upon the same or substantially the same facts, without *leave of the court,*
for that purpose obtained.

Leave will not be given to renew a motion to enable a party to insist on facts
known to him, but not insisted on at the hearing of the original motion.

Neither will the discovery of new evidence .in support of the matter previously
urged, give an absolute right to a renewal of the motion.

As a general rule, however, leave will be given, if in the circumstances of the op-
position there is anything to excite suspicion of unfairness or a belief that the
moving party was taken by surprise.

Rule 23 of this court, in connection with §§ 400, 401 of the Code, apply to motions
on *notice,* as well as to *ex parte* applications.

Where a motion was decided after a hearing of all the parties, upon the merits, and
denied in all its parts—leave to renew being neither reserved nor subsequently
applied for; and a second motion was made upon substantially the same grounds·
and granted under the general prayer for relief—a relief not specifically asked
for and not forming a strictly legitimate object of the principal motion, *Held,* on
appeal from this last order, that it should be reversed with costs.

*General Term, March,* 1870.

*Before* Monell, McCunn *and* Freedman, J. J. ·

This action is brought upon an undertaking executed by
the defendants, John Emmons Jr. and Hanford Smith, upon
the arrest of the defendant, James L. Paine, under an order
of arrest granted in an action wherein the plaintiff herein.
was plaintiff, and the defendant, James L. Paine, was de-
fendant, upon. affidavits showing that said James L. Paine
had surrendered himself to the sheriff, without disclosing,
however, the precise time of such surrender, and that he
was insolvent. The defendants in this action on the 27th day

of January, 1870, procured an order requiring the plaintiff to show cause the next day why the action should not be discontinued, or why the defendants should not have time to plead to the complaint therein, or why they should not have such further or other order or relief as to the court should seem meet.

On the return day plaintiff appeared by counsel and showed that a similar motion had been made in the same action during the preceding August special term of the same court, held by another judge; that on that occasion, defendants upon substantially the same grounds had moved for a " discontinuance of the action as to all the defendants, and that the defendants, Smith and Emmons, be absolutely released and discharged from all liability and responsibility, upon or incurred by virtue of the undertaking, &c., or for such other order or relief in the premises as to the court shall seem meet and proper ;" but that the court, after a hearing of all the parties, had denied the motion upon the merits and in all its parts; plaintiff therefore contended that defendants could not renew the motion without leave first obtained for that purpose.

The objection was overruled and an order made, under the prayer for other and further relief contained in the order to show cause, that the defendants have leave to surrender the defendant, James L. Paine, within ten days, into the custody of the sheriff.

From this order plaintiff appealed.

STEPHEN A. WALKER, counsel for appellant.
ALEX. H. REAVEY, counsel for respondents.

By the court, FREEDMAN, J.—In the case of the Bank of Geneva agt. Reynolds, (33 N. Y., 160,) the court of appeals held, that an order allowing bail to surrender the principal in their exoneration is appealable, for the reason that it affects a substantial right and in effect determines the action

and prevents a judgment, from which an appeal might be taken. Such being the law of this case, and it appearing from the record that the first motion was made upon substantially the same, if not stronger grounds than the second motion, I am of the opinion that the order appealed from, which granted under the general prayer for relief, a relief not specifically asked for, and not forming a strictly legitimate object of the principal motion, should not be permitted to stand. The first motion was decided after a hearing of all parties upon the merits, and denied in all its parts. Leave to renew was neither reserved, nor subsequently applied for. Before and since the Code, it has been the practice that a special motion cannot be renewed upon the same or substantially the same facts, without leave of the court for that purpose obtained. (*Mitchell* agt. *Allen*, 12 *Wend.*, 290 ; *Dollford* agt. *French*, 5 *Hill*, 493 ; *Allen* agt. *Gibbs*, 12 *Wend.*, 202 ; *Willet* agt. *Fayerweather*, 1 *Barb.*, 73 ; *Billenger* agt. *Martindale*, 8 *How.*, 113 ; *Cazreau* agt. *Bryant*, 4 *Abb.*, 402 ; *Snyder* agt. *White*, 6 *How.*, 321 ; *Mills* agt. *Thursby*, 11 *How.*, 114 ; *Smith* agt. *Spalding*, 30 *How.*, 339). Thus, it has been held that a party cannot, by omitting to enter the order, obtain a right to renew a motion. (*Peet* agt. *Cowenhoven*, 14 *Abb.*, 56).

It is undoubtedly true, that the decision of a motion is not to be considered as *res adjudicata*, and that there are special occasions on which a motion may be re-heard, for instance, when the order is unappealable.

But as a matter of orderly practice, it should never be done, except upon leave ; when that is applied for, it is discretionary with the court to allow a renewal of the motion on the same or additional papers, and its decision in this respect will not be reviewed upon appeal. (*White* agt. *Monroe*, 12 *Abb.*, 357 ; *Smith* agt. *Spalding*, 30 *How.*, 339 ; *Adams* agt. *Bush.*, (*no*. 2,) 2 *Abb. N. S.*, 112). But leave will not be given to renew a motion, to enable a party to insist on facts known to him, but not insisted upon at

the hearing of the original motion. (*Pattiscn* agt *Bacon*, 12 *Abb.*, 142; 21 *How.*, 478, and the discovery of new evidence even in support of the matter previously urged, has been held to be no absolute right to a renewal of the motion. (*Hoffman* agt. *Livingston*, 1 *John. Ch. R.*, 211).

As a general rule, however, leave will not be withheld, if in the circumstances of the opposition, there is anything to excite suspicion of unfairness, or a belief that the moving party was taken by surprise.

By rule 23 of the general rules, it is further provided, that if any application for an order be made to any judge or justice, and such order be refused in whole or in part, or be granted conditionally, or on terms, no subsequent application upon the same state of facts, shall be made to any other judge or justice; and, if upon such subsequent application any order be made, it shall be revoked, &c. By section 401 of the Code, an application for an order is styled a motion, and the same section refers to motions which can only be made upon notice as well as to such which may be made without notice. Section 400, provides that the term "order," shall include every direction of a court or judge made or entered in writing and not included in a judgment.

The construction therefore, of the 23d rule above referred to in connection with sections 400 and 401 of the Code, would seem to lead to the conclusion that the rule applies to motions on notice as well as *ex parte* applications; and inasmuch as such application of the rule to motions will greatly tend to maintain and perpetuate the harmony and kind feeling, which should always exist between the members of the same court, attorneys should not be permitted to disregard it. If the defendants in this case felt aggrieved by the first order, they might have appealed or applied for a re-argument. They declined to do either.

The order appealed from should, therefore, be reversed with costs.