FARMERS' NAT. BANK OF ANNAPOLIS v. UNDERWOOD et al.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. MOTIONS—RECITING DEPOSITION IN ORDER—ESTOPPEL.

After using a deposition in defeating a motion, plaintiff cannot contend that it was superfluous, in order to defeat defendant's right to have it recited (General Rules of Practice, 3) in the order denying the motion.

2. SAME—EXPENSE OF PRINTING.

The expense of printing a long deposition on appeal from an order denying a motion, on the hearing of which the deposition was used, is no objection to reciting it in the order (General Rules of Practice, 3), since it could be cut down (General Rules of Practice, 34) by a settlement between the parties or by the judge after notice.

Appeal from special term, New York county.

Action by the Farmers' National Bank of Annapolis against William A. Underwood and another. From an order denying a motion to resettle an order denying a motion for leave to serve an amended answer, defendant Underwood appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Walter H. Underwood, for appellant.
Charles De Hart Brower, for respondent.

PER CURIAM. The defendant made a motion for leave to serve a proposed amended answer, which was argued and denied; and, although the defendant served upon plaintiff's attorney demand for notice of settlement, the latter entered an order denying the motion, no notice of settlement having been given. It is alleged by defendant, and conceded by plaintiff's attorney, that upon the motion one of the papers used by plaintiff had not been included in the recitals; and, attention having been called to such omission, the plaintiff's attorney, while admitting the fact that the omitted paper had been used and handed up by him on the motion, refused to resettle the order. Thereupon the defendant moved for a resettlement thereof, which application was denied, and it is from the order denying such resettlement that this appeal is taken.

Rule 3 requires that all papers used or read on a motion on

either side must be specified in the order. It being conceded that the omitted paper was presented to the court by the plaintiff in opposition to the motion, no good reason is assigned why it should not be recited. The plaintiff, while admitting the use, now insists that, as it was an unnecessary and superfluous paper, its omission from the recitals was proper. We think where, as here, the paper was used by the plaintiff's attorney, and was then deemed by him necessary, that after his success in defeating defendant's motion it does not lie with him to say that a paper so used was unnecessary and superfluous. From the memorandum made by the learned justice at special term it is evident that he acted under a misapprehension of the facts, and with no intention of denying the defendant any of the rights to which he was entitled. The memorandum states that the application to resettle the order was denied because the petition of the defendant and the deposition of Randall formed no part of the motion papers upon which said order was made. But it is conceded that both were used, and one of them— the petition—is recited in the order as having been used. Another reason assigned for denying the resettlement was that the paper omitted was not specified in the notice of motion. In this statement the judge overlooks the fact that the paper was not used by the defendant, who was the moving party, but by the plaintiff in opposition, and therefore could not have been anticipated; nor was the defendant required to specify it in his notice of motion. The plaintiff, however, insists that the paper omitted—which was the deposition of Randall—was introduced only for certain purposes. This is no reason why it should not be recited, because, if introduced, its use could not be restricted for the benefit of the one introducing it, and ignoring entirely the advantage which might be gained therefrom by the other party. The other objection—that its recital would involve its being printed upon appeal, and, being voluminous, that it would be expensive—is equally without weight, because such expense would have to be borne by the defendant who seeks to have it recited; and as to the printing, under rule 34 of the General Rules of Practice, the parties themselves may, or the judge could, upon notice, settle a statement respecting the same, or the parts thereof to be printed upon the appeal from the order, to be used in the place of the original, and thus limit the printing and the expense. If plaintiff's attorney had acceded to the demand for notice of settlement of the original order, the motion for resettlement, and the misapprehension as to the facts by the learned judge at special term, as well as this appeal, could have been prevented.

Where there is any dispute upon the question as to what papers were used, the declaration of the justice hearing the motion is conclusive. But where it appears that the justice was under a misapprehension, and that the paper was used by the plaintiff in opposing the defendant's motion, the latter, under the rules, is entitled to have that fact recited in the order.

We think the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.