(21 Misc. Rep. 466.)

### BADGER v. GILROY.

(Supreme Court, Appellate Term. October 28, 1897.)

1. MOTIONS—COPIES OF PAPERS—WHEN NECESSARY.
   In a motion for a bill of particulars, based on the pleadings already served, it is not necessary to again serve copies, under Gen. Rule 21, which requires a notice of motion to be accompanied by copies of the affidavits and papers on which the motion is made.

2. SAME—NOTICE—MENTION OF PAPERS.
   Even though the pleadings are not mentioned in a notice of motion for a bill of particulars, yet, if there are no other papers in the action on which it might be based, the omission could not mislead.

3. PLEADING—BILL OF PARTICULARS—MOTION—NECESSITY FOR AFFIDAVITS.
   Under Code Civ. Proc. § 531, there are two classes of cases, in respect to bills of particulars,—one, on an account, in which the party is entitled to a copy of it as of right; the other, not on an account, in which he is not so entitled, but where the court may, in its discretion, direct the service of the bill. Held, that in the first case the court may direct a bill to be furnished,

on a mere inspection of the pleadings, without affidavits to show that necessity for the information exists.

**4. SAME—DISCRETION OF COURT.**

A complaint alleged "that at various times prior to March 15, 1897, the plaintiff, at the request of the defendant, and in his behalf, paid out and expended various sums of money for articles of merchandise supplied to the defendant, and to his wife, mother, and sister, by tradesmen in the city of New York," and that the aggregate amount so paid was $162.19. By verified answer, defendant denied knowledge or information sufficient to form a belief as to the truth of such allegations, and moved for a bill of particulars. *Held*, that the court might, in its discretion, on mere inspection of the pleadings, and without affidavits, award the relief asked.

**5. SAME—SUFFICIENCY OF BILL.**

In an action on an account, defendant is entitled, under Code Civ. Proc. § 531, to a bill of particulars showing credits as well as debits.

Appeal from city court of New York, general term.

Action by Walter S. Badger against Thomas F. Gilroy, Jr. A motion for a bill of particulars was granted, and the order was affirmed at the general term (46 N. Y. Supp. 1089), and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Bushby & Berkely (L. M. Berkely, of counsel), for appellant.

Robert L. Wensley, for respondent.

McADAM, J. The complaint alleges "that at various times prior to March 15, 1897, the plaintiff, at the request of the defendant, and in his behalf, paid out and expended various sums of money for articles of merchandise supplied to the defendant, and to his wife, mother, and sister, by tradesmen in the city of New York," and that the aggregate amount so paid was $162.19. The defendant, after issue joined, made a motion, unsupported by affidavits other than his pleading, for an order directing the plaintiff to furnish a bill of particulars showing separately the articles of merchandise alleged to have been supplied to the defendant, and to his wife, mother, and sister; the names of the tradesmen in the city of New York alleged to have supplied said articles of merchandise; the price of each article alleged to have been supplied, together with the rebates, if any, on said price; the amount alleged to have been paid by the plaintiff to each of said tradesmen; the dates upon which said alleged payments were made, and the manner in which they were made,—whether by check, cash, or otherwise. At special term the defendant's application was in all respects granted, but upon appeal to the general term the order was modified by striking therefrom the words, "and the manner in which said alleged payments were made, whether by check, cash, or otherwise," and as so modified was affirmed. From this affirmance the appeal is taken.

The defendant, by his verified answer, denied any knowledge or information sufficient to form a belief as to the truth of any of the allegations of the complaint, and the motion was evidently granted by the court on an inspection of the pleadings. The plaintiff claims that the court had no right to inspect the pleadings, because they are not referred to in the notice of motion, or the papers upon which it is founded. The pleadings are always before the court. Rowe v.

Comley, 11 Daly, 319, 320. "In motions that are heard on the pleadings, it is never necessary to serve copies on any of the parties to the suit, but it is only where a motion is made against a person who is not a party to the suit that it is necessary to serve copies of the pleadings and other proceedings." Newbury v. Newbury, 6 How. Prac. 183. And see Van Benthuysen v. Stevens, 14 How. Prac. 70. Rule 21 of the general rules of practice, which requires a notice of motion to be accompanied by copies of the affidavits and papers on which it is made, was not intended to, and does not, include pleadings already served, and which need not be served again. The plaintiff was not misled by the omission to state in the notice that the motion was founded on the pleadings, for it was evidently founded on nothing else. The question resolves itself into whether the court below, on a mere inspection of the pleadings, had the right to direct that the bill of particulars be served. Graham, in his Practice (2d Ed., 512), says that the order in most cases is applied for and granted upon the mere production of the declaration, showing that the cause of action has not been specifically set forth; and a later text writer says, "The only papers necessary on the application are the pleadings sought to be amplified by the bill." 2 Wait, Prac. 349. The Code (section 531) provides that it is not necessary for a party to set forth in the pleadings the items of an account therein alleged, but in such case he must deliver to the adverse party, after written demand therefor, a copy of the account. Subdivision 5 of the same section provides that the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party. There are therefore two classes of cases, in respect to bills of particulars,—one, on an account, in which the party is entitled to a copy of it as of right; the other, not on an account, in which he is not so entitled, but where the court may, in its discretion, direct the service of the bill. In the first class the court may, in a proper case, on an inspection of the pleadings, enforce the right to a bill by directing that it be furnished. In the second, there must be an appeal to the discretion of the court, founded on affidavits showing that the bill is necessary to aid in the preparation of an answer or of the trial, in order to prevent surprise thereat. The word "account," as used in section 531 of the Code, applies to "almost every claim on contract which consists of several items." Barkley v. Railroad Co., 27 Hun, 515. The complaint seeks to charge the defendant with moneys paid at different times for merchandise supplied, not only to him, but to his wife, mother, and sister. It cannot be assumed that the defendant knew the details of the different transactions; for in his verified answer he denied all knowledge of the existence of any such claims, and sought by his application to obtain information concerning them. If, instead of answering, he had applied for an order directing the plaintiff to make the complaint more definite and certain, he might, perhaps, have obtained all the relief he required. He, however, elected, as he lawfully might, to deny by verified answer all knowledge of the facts alleged, and sought information concerning them by applying for a bill of particulars. The peculiar nature of the claim made, the general manner in which it

was alleged, and the denial by the defendant, under oath, of any knowledge concerning its existence, certainly supplied some reasons why the bill of particulars, to which he seemed to be entitled as of right, should be furnished. The plaintiff did not allege inability to give the information, or offer any excuse for declining it. He rested his opposition solely on the technical grounds that the defendant had not referred to the pleadings in his notice of motion, and had not, by an affidavit in addition to his verified answer, shown that a necessity existed for the bill. The cases holding that the necessity for a bill of particulars must appear by affidavit are based upon Willis v. Bailey, 19 Johns. 268, in which an application was made for an order requiring the plaintiff to produce and give copies of certain papers, upon which the defendant was sought to be charged. The recorder granted the application, and the supreme court subsequently vacated his order on the ground that it was granted—

"Without any affidavit whatever that there were any papers, letters, or documents in the plaintiff's possession necessary for the defendant's defense, and in opposition to an affidavit by the plaintiff's attorney that the declaration was not founded on any written instrument whatever."

In vacating the order, the court incidentally remarked:

"We never grant an order for a bill of particulars, without the necessity of such order being shown on affidavit; for although the count may be general, the defendant may well know the grounds of the plaintiff's action."

That decision, as applied to the facts, was certainly correct, for a discovery or inspection is not matter of right. Harbison v. Von Volkenbergh, 5 Hun, 454; Code, §§ 803, 805. But it has no application to a case where a bill of particulars in a suit upon an account is applied for, and the adverse party is able, but unwilling, to furnish it. Yet the authority referred to is the one upon which all the subsequent cases are founded which hold that there must be an affidavit showing that necessity for the information exists, before a bill will be ordered. Where the action is not upon an account, or the pleadings in an action upon an account do not present a proper case for the bill, the Willis Case may be authoritative, but it certainly does not reach the facts as they appear on this appeal. Indeed, the actions to which the case cited has been applied are chiefly in tort, not on an account. There was enough in the pleadings to call upon the court below for the exercise of its discretion, and to require the plaintiff, in order to defeat the motion, to show that the defendant knew the particulars of the claim, and did not require further information concerning it. In view of the defendant's sworn denial in his answer, the court below could not have assumed that the answer was untrue, and that the defendant, contrary to his plea, did possess the information he was seeking. As the action was upon an account, the defendant was entitled to a bill of the credits as well as debits. Candee v. Doying, 5 Civ. Proc. R. 92.

The discretion of the court below was not, in this instance, abused, and the order appealed from must be affirmed, with costs. All concur.