CHARLES DEUTERMANN and Others, as Executors, etc., Appellants, v. ALEXANDER POLLOCK and SAMUEL H. GAINSBORG, Respondents.

*Motion to resettle an order — it should not be renewed by new motions seeking the same relief — an order should recite all papers used on the motion — papers, recently served on a previous motion, need not be re-served.*

A party, whose motion to resettle an order, by reciting therein certain papers used upon the motion, has been denied, has no right to make motions, ostensibly to resettle orders, but which have for their object the same relief which was refused by the original order denying his motion for resettlement, as such procedure amounts, in effect, to renewals of the original motion without leave.

A party, appearing on a motion, is entitled to have recited in the order disposing of the motion all of the papers used by him or his adversary thereon.

A moving party, who desires to use papers, which, on a previous motion, have been recently served upon the adverse party, and are still in the latter's possession, is not bound to serve such papers again; notice of his intention to use them is sufficient.

APPEAL by the plaintiffs, Charles Deutermann and others, as executors, etc., from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 1st day of December, 1898, denying the plaintiffs' motion for a resettlement of an order filed in said clerk's office on the 10th day of November, 1898.

*Eugene Frayer*, for the appellants.

*Wilson Brown, Jr.*, for the respondents.

PER CURIAM:

On the 30th day of June, 1898, the defendants made a motion, based upon an order to show cause and the papers upon which it was granted, for the resettlement of a case upon appeal. This motion was granted in part and in part denied, on the twenty-third day of July following. Before this order was signed and entered the court struck therefrom certain papers therein recited which had been served upon the defendants in connection with the order to show cause, and used upon the hearing before the court. On August 1, 1898, a motion was made based upon an order to show cause, and certain affidavits and exhibits, for a resettlement of the former order, by causing the same to recite all of the papers used upon the motion. All of the papers were served upon the defend-

ants. This motion came on for hearing on the 8th day of October, 1898, was denied on that day, and the order entered on the fourteenth instant. The court also struck from this order a recital of the exhibits served with the order to show cause and used upon the motion. Thereupon the plaintiffs made a motion on the twenty-ninth day of October, based upon an order to show cause which recited certain papers attached thereto, and also contained : "And the papers submitted to Mr. Justice DYKMAN on the motion of October 8th, 1898, and filed with the order of that date, * * * as stated in Mr. Frayer's said affidavit." These last papers were not served with the order to show cause. This motion was to obtain a resettlement of the order of October eighth by causing to be recited therein the papers used upon the motion. This motion was denied on the fifth day of November, and an order therein was entered on the tenth of the same month without notice to the plaintiffs. Thereupon plaintiffs made another motion, based upon an order to show cause and accompanying papers, why the order of November 5, 1898, should not be resettled by reciting the papers referred to in the order to show cause, but not attached thereto or served. These papers, the plaintiffs' attorney insists by affidavit, he procured from the clerk's office, where the same were on file, read from their contents upon the hearing, and submitted them to the court with the other papers used upon the motion. The court, however, states that they were only referred to for the purpose of determining whether they had been served upon the defendants on the prior motion ; that they were not considered for any other purpose, and were not retained by the court, but were returned to the clerk's office. The last motion was denied for the reason that the papers were not attached to the moving papers, and their contents were not considered by the court.

. This recital serves to show how much unnecessary trouble may be made by practitioners for themselves and the courts. It is quite evident that if the plaintiffs are entitled to any relief, they could have obtained it by an appeal from the order of October eighth refusing to settle the order of July twenty-third, as well as by any subsequent order which was made, or they could procure to be made by any subsequent motion. The relief which the plaintiffs asked upon their last motion was not other or different from that which they asked upon their first motion. If they should now obtain relief

and have the present order resettled by inserting the recital which they seek, in order to be of any practical value, they must travel back through the maze of motions and orders until they reach the first. The practice which works such a result is not to be commended. If the appellants are correct in their statement of facts, then they were entitled to a resettlement of the first order which was entered. A party is entitled to have recited in an order all of the papers which he or his adversary has used upon the motion from which the order results (*Farmers' Nat. Bank* v. *Underwood*, 12 App. Div. 269), unless there be scandalous or similar matter which the court is authorized to strike out. A party, however, has no right to make motions, ostensibly to resettle orders, which have for their object the accomplishment of the same purpose which was denied in the first order; otherwise there could be no end to such motions, as each recurring order would furnish the basis for a new motion, unless somewhere in the series his motion should be granted, when the other side might begin. Courts are not to be vexed by such practice. If the plaintiffs felt aggrieved by the first order refusing to resettle, they should have appealed. Their record could then have been made to show that the papers which they used upon the original motion were not recited, and that they were entitled thereto. An orderly practice required nothing more for the party to obtain all of the relief to which he was entitled. The subsequent motions are to be regarded as mere renewals of the first. Such they are, in fact, as the sole object has been to obtain a recital of the papers which were first refused. This is in effect a renewal of a motion without leave, which the law has never permitted. (*Hoffman* v. *Livingston*, 1 Johns. Ch. 211; *Klumpp* v. *Gardner*, 44 Hun, 515; *Hall* v. *Emmons*, 39 How. Pr. 187.)

So far as the refusal to permit the papers, which had already been served and which the defendants had, to be recited, we think the holding of the court below was error. There would seem to be no necessity for serving papers more than once; and if they are desired to be used, notice of such fact accomplishes all that is necessary. Such is the rule as to pleadings (*Badger* v. *Gilroy*, 21 Misc. Rep. 466) and affidavits of merits (Supreme Court Rule 23); and we see no reason why the same rule should not apply where the defendant has possession of the papers and is, therefore, in a position to inform

himself of their contents, and has notice that they will be used. (*Van Benthuysen* v. *Stevens*, 14 How. Pr. 70.)   There may be circumstances where it would not be proper to apply this rule.   Lapse of time or loss of papers, or similar conditions, might call for its rejection.   These considerations can have no application where the party has been recently served with the papers and has them in possession, which is the present case.

The order should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.