See further, Gabrielson *v.* Waydell, 36 N. Y. St. Rep. 674; Green *v.* Watson, 61 Hun, 625; Compton *v.* Hiessenbuttal, 38 N. Y. St. Rep. 458; Hays *v.* Phœnix Ins. Co., 6 N. Y. Supp. 3; Van Etten *v.* Newton, Id. 531; Durando *v.* N. Y. & S. Co., 24 N. Y. St. Rep. 315; Chase *v.* McLean, 130 N. Y. 529.

---

MARY L. BUTTERFIELD, Respondent, *v.* JAMES GORDON BENNETT, Appellant.

*Supreme Court, First Department, General Term, February 14, 1890.*

1. *Attorney and client.   Pleadings.*—The court may, where a party is unable to discover the whereabouts of his former attorney or the status of the action, make an order requiring the attorney for the adverse party to permit the substituted attorney to inspect and copy the pleadings.
2. *Motion and order.   Resettlement.*—The court cannot grant a resettlement of an order on the ground of a misunderstanding of counsel, but may, for this reason, order a rehearing of the motion.

Appeal from an order made at special term to permit an inspection and copy of all the pleadings in this action, and also from an order denying a motion to resettle the order aforesaid.

*Theron G. Strong*, for appellant.

*Drachman & Nelson*, for respondent.

BARTLETT, J.—In May, 1889, upon a notice addressed to

T. J. Mackey, plaintiff's attorney, and John Townshend, defendant's attorney, Messrs. Drachman & Nelson, who described themselves as attorneys for Mary L. Butterfield, moved at special term for an order that they be substituted as the attorneys for the plaintiff in this action, in the place and stead of Mr. Mackey, and that an order be made directing Mr. Townshend, who was described in the notice as the defendant's attorney, to furnish the said Drachman & Nelson with copies of all pleadings and papers in the suit, or to allow them to cause copies of the said pleadings and papers to be made, and furthermore to give them such other information in the case as might be necessary. This motion was based upon an affidavit by Mary L. Butterfield, the plaintiff. In that affidavit she says in substance that in May, 1888, she retained one T. J. Mackey as her attorney to prosecute this action, which is brought to recover damages for an alleged libel; that the summons and complaint were duly served; that subsequently she requested Mr. Mackey to withdraw from the case as her attorney, and in July he wrote her that he had withdrawn therefrom, agreeably to her request; and that in December, 1888, she employed Messrs. Drachman & Nelson as her attorneys to succeed Mr. Mackey, but has been unable to furnish them with any information as to the status of the action or to obtain any such information from her former attorney.

The statements in this affidavit in reference to Mr. Townshend are contained in the following extracts : " That on or about March 2 she verified the complaint herein. That thereafter the summons and complaint were duly served, and defendant duly appeared by John Townshend, Esq., his attorney, as deponent is informed and verily believes. * * * Deponent further says that in the latter part of March, 1889, she called on the said John Townshend, defendant's attorney herein, at his office in the Bennett building in Nassau street, and that he refused to give her any information concerning this action or Mackey's whereabouts, further than telling

deponent that he, the said Townshend, had settled the case with Mackey. * * * Deponent further says that she has no papers or pleadings in this action in her possession, and cannot obtain the same, or copies thereof, excepting from Mr. Townshend. That she has requested the said Townshend to furnish her with the said papers, but that he has refused to do so, or even to allow her to see them.

When the motion came on for argument, Mr. Townshend presented an affidavit, in which he stated that he was attorney for James Gordon Bennett in several suits and proceedings; that his only knowledge of the present action was derived from the confidential relation of attorney and client existing between him and Mr. Bennett in other actions just as in this action ; and he, therefore, asked leave to be excused from admitting or denying any allegation in reference to the case at bar contained in the plaintiff's affidavit.

Upon these papers (the affidavit of the plaintiff, and the affidavit of Mr. Townshend thus asking to be excused from meeting the plaintiff's allegations of fact), the court below made the principal order from which the present appeal is taken.

As to the propriety of that order, upon the papers then before the court, there can hardly be any serious question. The claim which Mr. Townshend, put forward in his first affidavit, that he was entitled to be excused from answering the allegations of the plaintiff on account of the relation of attorney and client existing between him and Mr. Bennett, was not tenable. He knew whether he had appeared in the action or not, entirely irrespective of any confidential relation between Mr. Bennett and himself. As the case then stood, the averments in the plaintiff's affidavit tending to show that Mr. Townshend was the defendant's attorney in the suit remained uncontradicted, and the court could properly assume them to be true, and in the exercise of the authority which it possesses over attorneys, in the furtherance of justice, could require the appellant to permit an inspection of the pleadings.

But immediately after the order was entered, Mr. Townshend moved for a resettlement thereof, upon an affidavit stating that when the motion came on to be heard and he filed his first affidavit asking to be excused from answering the application, he understood that if the court should hold that he ought, nevertheless, to answer, he would be permitted an opportunity to do so.

He further stated that he had never appeared for the defendant in the action and did not so appear then, and that he was not and never had been the attorney for the defendant therein, and that so far as his knowledge and information extended, no such action existed or ever had existed to the extent of the defendant being served with any process therein, or appearing therein by person or by attorney. The court, however, refused to change the original order and denied the motion for resettlement.

Under all the circumstances disclosed by his second affidavit, we are confident that the court below would have ordered a rehearing of the motion, if the appellant had applied therefor, instead of asking for a resettlement of the order. There was no reason to doubt that the appellant asked to be excused in good faith, or that he stated the truth when he said that he expected to be allowed to controvert the statements of fact in the plaintiff's affidavit, if the court should come to the conclusion that he was not excused from so doing by his privilege as an attorney. But while these facts would have furnished abundant ground for an application on his part for a further hearing of the motion, he does not appear to have asked for that, but demanded a resettlement of the order, which the court could not grant, inasmuch as the order correctly expressed the decision which had been made and correctly recited the papers upon which it was based.

These views lead to an affirmance of the orders from which the appeal has been taken. The fact, however, that the appellant seems to have acted under a misapprehension as to his

right to put in further affidavits induces us to relieve him from costs, but not from the disbursements. Upon payment of the disbursements, he may apply at chambers for a rehearing of the motion upon the papers which he presented on the application for a resettlement, and upon such other proof as he may be advised.

Ordered accordingly.

VAN BRUNT, P. J., concurs.