WINGROVE v. GERMAN SAV. BANK OF THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  March 20, 1896.)

JUDGMENT—AMENDMENT BY ANOTHER JUDGE AT SUBSEQUENT TERM.

On the death of a depositor of money in trust for U., both U. and deceased's administrator demanded the money of the bank, which had issued a pass book for it; and U. brought an action to recover it.  On defendant's motion, the court made an order directing the deposit by defendant with the clerk of the sum claimed, and that, on such deposit being made, the administrator should be substituted as sole defendant in place of the bank.  *Held*, that another judge at a subsequent term could not amend such order by adding thereto that plaintiff deposit the pass book mentioned in the complaint with the clerk of the court within six days after service of the order, etc.; such deposit not being asked for in the original motion.

Appeal from special term, New York county.

Action by Louise Wingrove, née Unger, against the German Savings Bank of the City of New York, to recover a sum deposited in defendant bank by Henry Gebhard, deceased, in trust for plaintiff.  On defendant's motion, the court ordered the sum claimed to be deposited by defendant with the clerk, and that on the deposit of such sum deceased's administrator be substituted as sole defendant in place of the bank.  From an order by a different judge at a subsequent term amending such order, by adding thereto that plaintiff deposit the pass book mentioned in her complaint with the clerk of court within six days after the service on her attorney of the copy of the order, etc., plaintiff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

L. Wertheimer, for appellant.

J. A. Arnold, for respondent.

VAN BRUNT, P. J.  This action was brought to recover the amount of a deposit alleged to have been made by one Henry Gebhard, deceased, in the defendant's bank, in the name of "Henry Gebhard, in trust for Louise Unger," a pass book for which was issued by the defendant.  After Gebhard's death, the plaintiff demanded of the defendant the amount of the deposit.  So did the administrator of the estate of Gebhard, the said estate being insolvent.  Upon these facts, the defendant made a motion for an order to substitute the administrator of Gebhard as defendant in the action, and to discharge the bank from all liability to the plaintiff or to the administrator upon its paying the amount of the deposit into court.  This motion was granted, and an order was entered on the 21st of December, 1895, directing the deposit by the defendant with the clerk of the court before the 10th day of January, 1896, of the sum of $1,000, and that, upon making such deposit, the administrator of Gebhard should be substituted as sole defendant in place of the then defendant.  On the 8th of January, 1896, the defendant obtained an order to show cause why there should not be added to the order thereinbefore entered a provision requiring the plaintiff to deliver to the defendant the pass book issued by the defendant, and mentioned in the com-

plaint. This was opposed by the plaintiff, and .heard by another judge; and on the 23d of January, 1896, an order was entered amending the order of the 21st of December, by further ordering that the plaintiff deposit the pass book mentioned in the complaint with the clerk of the court, within six days after the service upon her attorney of a copy of the order, with notice of the entry thereof. From that order the present appeal is taken.

It is difficult to see upon what theory or basis the court could amend an order made at a previous court, held by another judge, in the manner attempted to be done here. No such relief appears to have been asked for by the original order, and the judge granting the original motion is made to decide a question which never was presented to him. While it may be true that an order may be amended to conform to a decision, it is somewhat difficult to understand how an order can be amended so as to make the court rule upon a question which has never been presented to it. We do not hereby mean to intimate that, even if an independent application had been made, it should have been granted.

We think the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.