sort that it is impossible to read through the appeal book without being led to the conclusion that the jury must have based their verdict upon a mass of testimony which had really nothing to do with the vital question of the defendant's responsibility for the con-dition of the elevator at the time it first fell with the plaintiff, and which was equal in quantity to the proof in the case which was really relevant to the issue. In our opinion, to formally strike out this testimony after allowing it to stand as evidence in the cause to be considered by the jury up to the very time when the learned trial judge began to deliver his charge, was plainly inefficient to do away with the damage inflicted by its reception, and for this rea-son we think the defendant is entitled to prevail upon its appeal from the order denying the motion for a new trial. That motion was specifically upon the ground, among others, "that improper testimony was admitted over defendant's objection and exception, which said testimony was subsequently ordered to be stricken from the record, but which said order did not cure the error." In Ives v. Ellis, 169 N. Y. 85, 91, 62 N. E. 138, Chief Judge Parker, con-sidering an attempt to cure the effect of an erroneous ruling admit-ting improper evidence, said that, before an appellate court would hold that such an error has been cured, "it must feel sure that the effort of the trial court to correct the error was necessarily effective with the minds of the jury." In the case at bar the erroneous rul-ings are so numerous and pervasive of the whole case as to satisfy us that the effort to correct them was necessarily abortive.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., not voting.

---

### In re SKINNER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

**1. TAXATION—TRANSFER TAX—TEMPORARY PAYMENT.**

A temporary payment to the comptroller on account of a transfer tax is deductible from the amount finally found to be due, and must be re-funded if nothing is due, but is not the concern of the appraiser or sur-rogate.

**2. SAME—SUBJECT OF ASSESSMENT—DISPUTED CLAIMS.**

A claim which is in genuine litigation is not to be considered in deter-mining the amount of the transfer tax against the estate owning the same, although the estate has been successful in the suit, where an ac-counting under an interlocutory judgment and the right of the unsuccess-ful party to appeal still remain outstanding, leaving the ultimate result in doubt.

**3. SAME—DEDUCTION OF COLLATERAL SECURITY—DEDUCTION OF INDEMNIFIED LIABILITY.**

Where the administrator of an estate contended that a bond and mort-gage running to the estate were merely indemnity for a judgment, and his contention prevailed, so that they were not appraised in assessing the transfer tax, he could not afterwards contend that the judgment was an absolute liability of the estate, and was not indemnified, and that the amount thereof should be deducted from the appraised value of the estate.

Appeal from Surrogate's Court, Westchester County.

In the matter of the appraisal of the estate of Samuel Perry Skinner, deceased, under the transfer tax acts. From an order of the surrogate (92 N. Y. Supp. 972), Edward D. W. Langley appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and RICH, JJ.

Edw. W. Davidson, for appellant.

Frank M. Buck, for respondent State Comptroller.

JENKS, J. The appellant contends no longer that the transfer was not subject to any tax, and so we need consider the specific objections only.

1. The temporary payment on account to the comptroller is not the concern of appraiser or the surrogate. It is deductible from the amount finally found due. If nothing be due, then it must be refunded.

2. The claim against the estate of Francis C. Fleming may be excluded, because it is in genuine litigation. Although the appellant has been successful, there remains the accounting under the interlocutory judgment and the right of the unsuccessful party to appeal from the final judgment to the Court of Appeals. Under such circumstances we think that the procedure indicated in Matter of Westurn, 152 N. Y. 93, 102, 46 N. E. 315, should obtain.

3. There should be a deduction of $1,000 from the appraised valuation of the Koch street property perforce of the stipulation before the surrogate that at the time of the transfer "there was a mortgage of $1,000 upon the Koch street property, which sum should be deducted from the appraisal valuation of the property so transferred." See Matter of Thompson, 57 App. Div. 317, 68 N. Y. Supp. 18.

4. The court did not "err in imposing a penalty of 10 per cent. interest." The court did not impose any interest by the order. When interest in charged, there is opportunity for application to the surrogate for remission. Carter's Transfer Tax Law, 205. In the cases cited by the appellant (Matter of Davis, 149 N. Y. 539, 44 N. E. 185, and Matter of Moore, 90 Hun, 162, 35 N. Y. Supp. 782) the decree and order respectively appealed from fixed the rates of interest, and for this reason they may be discriminated.

5. The sum of $15,435.70, the amount of the judgment rendered against the appellant as administrator c. t. a. of the estate of Francis A. Skinner, deceased, should not be deducted. The appellant insists that such deduction should be made because the grantee and legatee is compelled to satisfy such judgment out of the personal estate. It appeared that there is a bond and mortgage for $175,000 given to the said Skinner, conditioned that Sutherland, the mortgagor, would pay to Skinner or her executors, etc., any sums of money with which she would be charged personally on her accounting in such estate. The appellant first contended that the said bond and mortgage were merely indemnity for said judgment, and therefore must be appraised as of no value. His contention prevailed. He thereupon and now contends that the judgment must be deducted. In his

affidavit seeking to exclude the security he deposed that its sole value was that of indemnity, that the action brought thereon was contested, and "that, while he may recover on the mortgage, it is quite likely that he will not recover more than the judgment against him." Having obtained exemption of the alleged security on the ground that it is but indemnity, he cannot in the next breath insist that the debt which he says is indemnified must be deducted because it is absolute. If he now obtains a deduction of this judgment, and thereafter recoups the judgment in his proceedings upon the security, manifestly he will receive personalty to the amount of the judgment free from tax. Moreover, it does not appear that the judgment has been paid, and, non constat, when he may be called upon to pay it, he may then have in hand the amount thereof recovered upon the said security. If it should appear eventually that this judgment constituted an absolute debt, we think the appellant has a remedy. See Matter of Dimon, 82 App. Div. 107, 81 N. Y. Supp. 428.

The order must be modified in accordance with this opinion, and, as modified, affirmed, without costs of this appeal to either party. All concur.