(48 Misc. Rep. 358.)

### KOEPPEL v. KOEPPEL et al.

(Supreme Court, Appellate Term. October 19, 1905.)

1. APPEAL FROM ORDERS—RECORD.

An appeal from an order must be heard only on the papers enumerated therein, as required by general rules of practice 3, providing that, when an order is entered, all the papers used on the motion must be specified therein.

2. SAME—DEFECTS IN ORDER—RESETTLEMENT.

Where an order appealed from does not recite all the papers heard on the motion therefore, the remedy is by motion in the trial court for a resettlement of the order, and not by motion to recall the case on appeal for the purpose of having incorporated therein papers used on the motion.

3. SAME—COSTS—IMPOSITION OF TERMS.

An application by respondent for the resettlement of an order appealed from should, if granted, be granted on terms, so as to protect appellant.

4. SAME—FILING RECORD—AUTHORITY OF LOWER COURT.

Where printed papers on an appeal have been served and filed in the appellate court, the lower court cannot enforce an order for their recall.

Appeal from City Court of New York.

Action by Fiskel Koeppel against Mendel Koeppel and another. On motion for an order to stay the clerk and defendants' attorney

from removing from the files of the court a printed case on appeal. Denied.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Abraham B. Schleimer (Max Schleimer, of counsel), for appellant. Steuer & Hoffman, for respondents.

SCOTT, P. J. This motion comes up upon an order to show cause why an order should not be made staying the clerk of this court and the defendants' attorneys from removing from or causing to be removed from the files of this court the printed case upon an appeal taken by the plaintiff from an order made in the City Court setting aside the verdict of a jury and vacating a judgment entered thereon and ordering a new trial. The order, the enforcement of which the plaintiff herein seeks to restrain, was granted by the City Court, and the proceedings leading up to it are substantially as follows:

The plaintiff obtained a judgment, from which the defendants appealed. The case was settled and filed, but has not yet been served. Subsequently the defendants moved for a new trial, practically upon the ground of newly discovered evidence. This motion was granted, and the defendants thereupon entered an order. The plaintiff appealed from such order, printed and served the papers, filed a note of issue, and the appeal appeared upon the October calendar of this court. About this time the defendants made a motion in the City Court for an order vacating and setting aside the clerk's certificate attached to the printed case upon appeal from the order aforesaid and recalling the case on appeal, so that the same could be amended. This motion was granted, and an order duly entered thereupon, which order contains the following recitals:

"Ordered that said motion be, and the same hereby is, granted, and the certificate of the clerk of this court attached to said return and papers on appeal be, and the same hereby is, vacated and set aside, and the said return on appeal is hereby recalled for amendments in the following particulars: Inserting therein the judgment roll, notice of appeal, and order denying motion for a new trial, and by striking therefrom the pages 19 and 20 of such return marked 'Original Affidavit of Samuel Feinblatt,' filed June 19, 1905, and also striking therefrom the words 'carbon copy of,' forming part of the heading of the affidavit printed on page 17 of the return, and also by inserting in the case and exceptions the amendments to such case and exceptions, as also by trial justice incorporating them directly into the said case and exceptions in the respective places where such case is amended thereby."

The plaintiff now seeks to obtain an order restraining the clerk of this court from obeying the foregoing order. It is clear from an examination of the printed papers filed in this court upon the plaintiff's appeal from the order granting the defendants a new trial, etc., and from all the papers used on this motion, that the defendants have mistaken the proper procedure. There is no provision in the Code of Civil Procedure, nor in the rules of practice, for the settlement of a case upon an appeal from an order. Rule 3 of the general rules of practice requires that, "when any order is entered, all the papers used or read on the motion on either side shall be specified

in the order," etc., and the appeal must be heard upon the papers enumerated therein (Farmers' Nat. Bank v. Underwood, 12 App. Div. 269, 42 N. Y. Supp. 500), and additional papers will not be considered, unless so incorporated in the order (Wells Fargo Co. v. W. C. & P. C. R. R. Co., 12 App. Div. 47, 42 N. Y. Supp. 225). The printed papers upon the appeal from the order in the case at bar appear to contain all the papers that were used upon the motion. If this were not so, the defendants' remedy was to move in the court below for a resettlement of such order. Smith v. Smith, 43 N. Y. Super. Ct. 140. No such motion was made. The defendants entered the order appealed from on their own motion on June 3d, and upon October 10, 1905, obtained the last order, which does not purport to resettle the order of June 3d, but seeks to recall the case upon appeal for the purpose of having incorporated therein papers which it is claimed were used upon the motion resulting in the order appealed from, but which are not recited therein, and which for that reason this court could not consider if printed. If the order appealed from had, subsequent to the appeal taken therefrom, been resettled, undoubtedly upon a motion subsequently made in this court for that purpose, showing a resettlement of the order appealed from, the case could be returned by an order of this court for the purpose of having the order as resettled made a part of the printed case. But an application by defendants, made in October, for the resettlement of an order entered by them in June, after the papers upon appeal had been printed and the case upon the calendar for argument, would undoubtedly have been carefully scrutinized by the lower court, and, if granted at all, should have been upon terms. As the resettled order would take the place of the original order (Matter of Peekamose Fishing Club, 5 App. Div. 283, 39 N. Y. Supp. 124), the plaintiff might not wish to appeal from such resettled order, and, having appealed from the original order and shown his good faith by printing the papers upon appeal, etc., he should be protected by the imposition of terms upon the party for whose benefit the order is resettled, and by whose neglect or oversight the defective order was entered.

There is, however, no necessity for the granting of the present motion. The order of the City Court recalling the return is of no force so far as the clerk of this court is concerned. After the printed papers upon an appeal have been served and filed in this court, the lower court has no control or authority over the record, and cannot enforce an order made for its recall, and the clerk of this court would very properly disregard the order, if served upon him.

This motion is denied, but without costs. All concur.