(69 Misc. Rep. 402.)

PEOPLE ex rel. RIPLEY v. WILLIAMS, State Comptroller.

(Supreme Court, Special Term, Albany County. November, 1910.)

TAXATION (§§ 878, 904*)—TRANSFER TAX—PROPERTY PASSING UNDER POWER OF APPOINTMENT.

Testator left a part of his estate in trust to pay the income to his son during life, the remainder to the son's lawful issue on his death, unless otherwise disposed of by the son's will. The son died leaving a will bequeathing the remainder to his widow and four children. *Held*, that the transfer to the widow of one-fifth of the trust is under the son's will, and, where the personal representatives of the father's estate made a temporary payment to cover the transfer tax before it was assessed, they can recover back so much thereof as exceeds the tax on four-fifths of the trust fund, and the representatives of the son's estate are liable to pay the tax on the remaining one-fifth, the temporary payment by their father's estate not inuring to their benefit, nor are they discharged from liability by the repayment of the excess of the temporary payment to the representatives of the father's estate.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701, 1727; Dec. Dig. §§ 878, 904.*]

Action by the People, on the relation of Bertha B. Ripley, for writ of mandamus against Clark Williams, State Comptroller, to obtain a receipt in full for a transfer tax. Application denied.

Alexander & Green, for plaintiff.

Edward R. O'Malley, Atty. Gen. (Everett E. Risley, Deputy Atty. Gen., of counsel), for defendant.

LE BŒUF, J. The relator's claim is that payment of the transfer tax due upon her decedent's estate has been made by another who was primarily responsible therefor; that some part of this amount was withdrawn from the possession of the State Comptroller without authority on his part to repay the same; and that the relator is now free from any responsibility to the state and may require, by the drastic remedy desired, a receipt in full for the transfer tax assessed upon the estate which she represents.

· In 1892 Sidney Dillon died, a resident of New York county, leaving a will which was duly probated in that county in December, 1892. By this will he left a certain share of his estate to his executors, in trust, to pay over the income to Sidney Dillon Ripley during his life, remainder to vest on his death in his lawful issue, unless otherwise dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posed of as directed by the will of Sidney Dillon Ripley. Shortly after his death, proceedings were instituted in New York county to determine the transfer tax upon his estate. The tax was determined upon the life estate of Sidney Dillon Ripley; but the determination of the tax upon the remainder was, by order, postponed until after the death of the life beneficiary. Sidney Dillon Ripley died a resident of Nassau county, in February, 1905. He left a will which was duly probated, which disposed of over a million dollars. He executed the power granted him by Sidney Dillon and bequeathed the remainder of the trust fund created by Sidney Dillon to his widow and four children. It appears, from the subsequent transfer tax proceedings which were soon after taken in Sidney Dillon Ripley's estate, that the remainder was but a small part of his estate upon which a transfer tax was finally assessed.

Shortly after the death of Sidney Dillon Ripley, the transfer tax proceedings in New York county on Sidney Dillon's estate were reopened for the purpose of having the tax upon the remainder ascertained and assessed. Proceedings were also commenced upon the Ripley estate in Nassau county for the like purpose. The New York State Comptroller contended that the whole of the remainder passed under the will of Sidney Dillon Ripley. If that contention were sustained, a much larger tax would be imposed upon the estate, and this contention was opposed by all parties in interest. The four children named in Sidney Dillon Ripley's will were those who would have taken the entire remainder, had no reference been made in his will to the power of appointment conferred by the will of Sidney Dillon. While this question was pending, the trustees under the will of Sidney Dillon paid to the State Comptroller, in August, 1905, the sum of $1,562.25. This was a temporary payment in anticipation of the actual determination of any amount which should be due and payable from them on transfers of this remainder under the will of Sidney Dillon. Pending the actual determination of the transfer tax proceedings in the Ripley estate, the relator, as executrix of the Ripley will, paid to the county treasurer of Nassau county, on August 20, 1906, the sum of $10,573.27, the estimated tax upon that estate. In November of the same year the transfer tax on that estate was finally fixed at the sum of $11,352.14. The total assessed value of this estate was over a million dollars. Included in that appraised value was the sum of $89,637.47. This was the appraised value of one-fifth of the remainder of the trust fund created by the will of Sidney Dillon, and which in these proceedings the court held had passed under the will of Sidney Dillon Ripley. It was there definitely held, against the protest of the State Comptroller, that the naming of the children of Sidney Dillon Ripley in his will as the appointees of the four-fifths of this remainder did not constitute a transfer under his will; that those shares passed under the will of Sidney Dillon; and that the only transfer which was made under the Ripley will was of the one-fifth interest to his widow. This decision was affirmed by the Appellate Division (122 App. Div. 419, 106 N. Y. Supp. 844) and subsequently by the Court of Appeals (192 N. Y. 536, 84 N. E. 1120).

At the time of the appraisal of the Ripley estate, payment of this transfer tax was required by law to be made to the county treasurer of Nassau county, and not to the State Comptroller. Just how the payment to the Nassau county treasurer was determined at the sum fixed does not appear. It, however, was insufficient by $779.87 to pay the whole amount of the transfer tax assessed upon the whole estate, which was fixed at the sum of $11,352.14. Subsequently to the final determination of this sum, the relator does not appear to have ever made any offer to the Nassau county treasurer to pay the balance of this tax. The relator took no appeal from the determination of the surrogate, and was apparently content with that determination as to the amount. The appeal was taken by the State Comptroller. The relator was in a position to have paid at that time the balance of the tax if she so desired.

The transfer tax proceedings in the Dillon estate lagged for various reasons. In March, 1909, however, following the decision in the Ripley case, as the court was bound to do, the tax on the Dillon estate was definitely fixed at the sum of $695.36. This was a tax upon the appraised value of the remaining four-fifths remainder of the trust fund. Within a few days after the entry of the order, the Dillon trustees demanded of the State Comptroller the return of the excess which they had paid, and this amount was returned to the trustees.

It is now claimed that, of this $901.65, $779.89 should have been withheld to have paid the balance of the unpaid tax upon the Ripley estate. The whole theory of the relator is that, when the trustees made this temporary payment, they were required, by section 224 of the tax law (Laws 1905, c. 368) as it then stood, to make this payment for the whole trust fund, regardless of whether any part of it passed under the Dillon or the Ripley will, and deduct the amount so paid from the property held by them in trust.

The practice of making temporary payments has never been questioned, and is sustained by Matter of Skinner, 106 App. Div. 217, 94 N. Y. Supp. 144. There the court held that the temporary payment of the transfer tax was deductible from the amount of the tax finally ascertained. If nothing was ascertained to be due, then it must be refunded.

Section 220 of the tax law, with reference to the exercise of the power of appointment, held that:

"Such appointment shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will."

It has been held that the surrogate of the county in which the donee of the power of appointment resided at the time of his death, and in which his will was admitted to probate, has jurisdiction under section 229 (Laws 1896, c. 908, now section 228, Consol. Laws, c. 60) of the tax law to determine whether the transfer is taxable. Matter of Seaver, 63 App. Div. 283, 71 N. Y. Supp. 544.

In Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279,

the Court of Appeals held that the statute does not impose the tax upon the property, but upon the exercise of the power by will.

The determination of the surrogate, affirmed by the Court of Appeals, was that a transfer of four-fifths only of this remainder was made under the will of Sidney Dillon. It therefore, at the time the remainders fell in, became the duty of the trustees of the Dillon will to pay a tax only upon that four-fifths which passed under that will. They paid an amount in excess of that tax as a purely temporary payment. It cannot, however, in any respect be deemed to have been anything more than a tender to the State Comptroller of such an amount as they were required by law to pay upon transfers made in that will. That it took some time to determine the question made no difference in the liability at the time of the temporary payment. When, therefore, a few days after the termination of the Dillon transfer tax proceedings, the trustees of that estate made the demand upon the State Comptroller, it was one which the State Comptroller was entitled to respect. The fact that he may have had notice of claims made by the relator makes no difference in the real situation, so long as no liability existed on the part of the trustees originally to pay this tax for the Ripley estate.

The relator claims that the Comptroller could recover back the amount of this payment from the Dillon trustees. It is difficult to see how this can be the case, in view of the determination of the Nassau county Surrogate's Court. That court has determined that the Dillon trustees are only responsible for $695.36, the tax on the transfer made under the will which they represent. The extent of their personal responsibility under old section 224 of the tax law is this sum which the Nassau county surrogate has fixed. Under these circumstances, it is clear that a mandamus to the State Comptroller cannot issue.

The same result might as well be reached by reason of other questions presented by this case; but it does not seem necessary, under the circumstances, to consider these questions in detail.

Application denied, but without costs.