In the Matter of the Estate of BENJAMIN LOW BARTLETT, Deceased.

Surrogate's Court, Kings County, October 5, 1937.

*Thomas J. Brennan, Jr.*, for the executrix, Ann E. Bartlett.

*Samuel E. Faron*, special guardian.

WINGATE, S. The present application is euphemistically denominated a motion to " resettle " an " order " of this court dated July 30, 1937. In reality its object is vastly more serious since its real purpose is to vacate the decree then entered in amended form and to alter a determination made therein, which is an act far transcending that which the language of the practitioner designates as a " resettlement."

As properly employed, this term implies merely the reopening of an order or decree for the purpose of including therein some recital or provision which was initially omitted therefrom through inadvertence and which should have been included. As is pointed out by the Appellate Division of this Second Department in *Ruland* v. *Tuthill* (187 App. Div. 314, 315): " Resettlement of an order is a procedure of correction or clarification, not one to change or to amplify the direction of the court."

It is, therefore, proper in instances in which the order or decree improperly reflects the decision in the case (*Wingrove* v. *German Savings Bank*, 2 App. Div. 479, 480), or fails to include necessary recitals (*Koeppel* v. *Koeppel*, 48 Misc. 358, 360), but is wholly unavailable for the purpose of including a ruling upon a matter not initially adjudicated (*Skeele Coal Co.* v. *Baker*, 167 App. Div. 920), or altering a decision actually made (*Butterfield* v. *Bennett*, 8 N. Y. Supp. 910, 912; 30 N. Y. St. Repr. 302; see, also, *Deutermann* v. *Pollock*, 36 App. Div. 522, 523).

When properly performed the act of resettlement of an order or decree is merely the exercise of the inherent authority of the court to alter its formal pronouncements in cases in which the initial instrument of adjudication is demonstrated to have been the result of mistake or inadvertence. (*Matter of Wing*, 162 Misc. 551, 555.)

The facts of the occurrence as here alleged demonstrate affirmatively that the act of the court in the award of the allowance of $300 to the special guardian at which the present complaint is directed was a deliberate act of adjudication and is consequently incapable of reconsideration and alteration through the medium of " resettlement." If remediable at all, it must be on one of the

grounds specified in subdivision 6 of section 20 of the Surrogate's Court Act, which permits the reopening of an order or decree " for fraud, newly discovered evidence, clerical error, or other sufficient cause."

The question thereupon arises as to whether the amended decree was, on the facts of the record, the product of one of these specified grounds. The petition recites that the guardian who was appointed at the request of the widow and fifteen-year-old son of the testator was unknown to them and was suggested by the attorneys for the proponent widow with the assurance that his compensation would not exceed fifty dollars in amount.

The report of the special guardian consenting to the probate of the will which left the entire estate to the widow, appointed her executrix without bond and nominated her as guardian for the son, was filed on July 15, 1937, and the instrument was admitted to probate on that date, the decree, as then entered, omitting any reference to the special guardian.

It is alleged and not denied that on July 19, 1937, the original attorneys for the widow-proponent were discharged and another substituted in their place although, no doubt in view of the fact that the will had been admitted to probate, thus terminating the proceeding, no substitution of record was effected.

On July 27, 1937, an application was made by the special guardian for the resettlement of the decree so as to provide for the inclusion therein of a recital of his participation and also for the fixation of his allowance in the sum of $300. This does not appear to have been served upon any one, but attached to the affidavits of the special guardian is a document signed by the discharged attorneys for the proponent in which they purport to " consent to and waive notice of application for the re-settlement of the decree " and consent to the insertion therein of the $300 allowance for the special guardian. It is a somewhat significant circumstance that this purported waiver and consent is undated. It is wholly obvious, however, that it was executed by the former attorneys after their dismissal by reason of the fact that it is backed with the affidavits, and refers to the application seeking resettlement of the decree, which are verified on the twenty-seventh day of July, which was eight days subsequent to their discharge.

It is entirely obvious, therefore, that these attorneys attempted to and actually did convey to the court the false impression, of which the special guardian was the beneficiary, that on the date of such application, namely, July twenty-seventh, they represented the widow-proponent who was beneficially entitled to the entire estate, and that they were consenting to the quantum of the allowance by her authority and on her behalf.

The action of the court in awarding the allowance was inevitably influenced by this false representation which amounted to a legal fraud, with the result that the decree must be opened at the request of any injuriously affected party provided there is a demonstration that a diverse result would have been attained had the deception not been practiced (*Matter of Salomon*, 159 Misc. 379, 384; affd., 251 App. Div. 740); in other words, in the present case, that an allowance of a lesser sum would have been made had the evaluation of the service been made solely on the basis of *quantum meruit* without the presence of the additional falsely injected element of the purported consent of the person to whom all of the assets of the estate beneficially belonged.

An affirmative answer to this inquiry is readily deducible from the record since the affidavits of the special guardian fully detail all of the services performed by him and demonstrate that nothing was done by him which was not the veriest simple routine. On the basis of his own statement of service and eliminating the consent, the court would have allowed him no more than the fifty dollars originally estimated by the attorneys and communicated to the petitioners.

It follows, therefore, that the prayer of the petitioner for an opening of the resettled decree will be granted, with costs. Upon such reopening, the allowance of the special guardian will be fixed at fifty dollars and a new decree will be entered inserting this reduced amount.

Enter decree on notice in conformity herewith.