In the Matter of the Estate of WILLIAM ALLEN PUTNAM, Deceased.

Surrogate's Court, Kings County, February 2, 1940.

*Walter H. Crittenden*, for William Allen Putnam, Jr., and Brooklyn Trust Company, as executors and trustees, etc., for the motion.

WINGATE, S.   This court does not deem a misunderstanding of pertinent New York law respecting the remuneration of fiduciaries by the Commissioner of Internal Revenue an adequate reason for a resettlement of the decree heretofore entered.

The Court of Appeals in *McAlpine* v. *Potter* (*Matter of McAlpine*) (126 N. Y. 285, 289) commented upon the situation which is present under the terms of this will, in the following language: " To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that the payment of the principal is postponed and the income made payable annually in the meantime.   A trust duty may thus be *imposed upon an executor* which thereby becomes and is made a function of his office." (Italics supplied.)

In all such cases the sole fiduciary is the executor, although, by the terms of the will, certain additional duties in excess of the natural obligations of an executor have been potentially imposed upon him.

Such a situation differs only in degree and not in kind from a duty imposed upon an executor to manage real estate and collect its rents.

By reason of the then current misapprehension respecting the nature of the office of such an executor whose duties of holding and managing the assets of the estate were, by the terms of the will, extended beyond the period usually permissible for their administration, this court, in *Matter of Galloway* (139 Misc. 183, 188), coined the appellation " executor-trustees," which has received subsequent general recognition and adoption. Its purpose in this connection was merely to attempt to clarify the conception of the Bar in this regard.

Such a fiduciary will, when he completes his duties, have entitled himself to one complete commission as *executor* for having received and paid out the assets of the estate under section 285 of the Surrogate's Court Act. The fact that, in the interval, he may have performed duties, imposed upon him by the will, which were in addition to those usually performed by an executor, does not alter this conception.

Despite the fact that the holding and action by the fiduciary subsequent to the marshaling of the estate is strictly in his capacity as executor, it is unquestionable that his remaining duties are chiefly those commonly associated with the administration of a trust. By reason of this fact, experience has indicated that, as a practical matter, his future ease of dealing with the assets will be promoted by designating him a trustee, which, in essence, all fiduciaries, whether executors, administrators, guardians or true trustees are. In any case, the scope of action of any " trustee " is capable of ascertainment only by reference to the document establishing his relationship as such. (*Matter of Wolanski*, 157 Misc. 470, 472.) In the present instance, such reference to the will, as construed, demonstrates that the sole capacity of action of the fiduciary is that of an executor upon whom, in the language of the Court of Appeals, certain additional duties have been imposed.

Since the decree as originally entered correctly reflected the decision of the court, no authority for its resettlement exists. (*Ruland* v. *Tuthill*, 187 App. Div. 314, 315; *Matter of Bartlett*, 164 Misc. 524, 525, and authorities cited.)

The motion for resettlement is accordingly denied.