In the Matter of the Estate of MARY R. CHISHOLM, Deceased.

Surrogate's Court, Kings. County, October 30, 1941.

*Francis Dean,* for the judgment creditor of the estate.

*Harry M. Peyser* [*Margaret Duncan* and *Joseph P. Dowling* of counsel], for the New York State Tax Commission.

WINGATE, S. The facts underlying the present application by an estate creditor " for an order resettling the order fixing the estate tax herein " are unusual if not, indeed, wholly unprecedented.

The decedent died in 1920, and in 1923 an order was made exempting her estate from tax. Eight years later, in 1931, additional assets, amounting to $11,097.03, came into the hands of the executor through a surplus money proceeding. There were a number of judgments against the deceased, which the executor believed to be unenforcible against the estate assets. Accordingly, in 1936, in a proceeding for re-evaluation of the issue of the taxability of the estate, he failed to assert these judgments as deductible obligations, and an order assessing the tax without any deduction by reason of their existence was entered on September 12, 1936. This was amended on November 10, 1936, by a reduction of the penalty interest from ten to six per cent, and nine days later the executor paid the tax plus penalty due thereunder, amounting to $707.31. It is this order which the creditor now seeks to " resettle."

The reason for his desire in this regard arises from the fact that subsequent litigation determined the judgments to be legally valid claims, and that distribution of the assets of the estate was directed wholly to these creditors by the final decree on the judicial settlement of the account of the executor, which was entered on April 12, 1941, with the result that the estate was insolvent.

It will be obvious from this recital, *first*, that, as a matter of fact, no tax was due the State by reason of the devolution of the property of this decedent; and, *second*, that the composite result to date has been that the creditors have received $707.31 less on account of their claims than they would have received had the true situation been adequately developed at the start. This, of course, is an unfortunate result, but the real issue inherent in the present application is whether it is remediable in the manner here attempted.

It is obvious at the outset that the procedure adopted by the executor in wholly ignoring these claims in the tax proceeding was erroneous and unfortunate to a degree. His proper action in respect of potential obligations of the estate, the validity of which had not finally been determined, has been judicially outlined on numerous occasions (see, *e. g.*, *Matter of Westurn*, 152 N. Y. 93, 102; *Matter of Skinner*, 106 App. Div. 217, 218), namely, to set up the potential obligations in his schedules and have them reserved for evaluation until their validity was finally determined. He

failed, however, to adopt this course, with the result that his defense against the imposition of a tax upon the estate was not submitted for adjudication. The question, however, is whether this neglect on the part of the executor can be made the basis of an impeachment of the order then properly entered on the strength of the demonstration of the record as then adduced. As the court views the matter, the situation is substantially identical with one in which an executor is sued on an ordinary debt and fails to interpose a counterclaim on a demand which subsequently becomes unenforcible through the operation of a statute of limitation. Assuredly, a beneficiary of the estate would not later be permitted to vacate the judgment obtained against the executor for the purpose of interposing the counterclaim.

The applicant in the case at bar complains that he was not notified of the pendency of the tax proceeding. There is no reason why he should have been. The statute did not require it, and in the absence of an express enactment to that effect, the executor, like any other trustee of an express trust, was the legal owner of the property, representing the interests of all persons possessing ultimate rights to participation therein as *cestuis que trustent.*

Neither the creditors nor possible distributees possess any rights *in rem* in the estate assets. Their sole *locus standi* is as *cestuis que trustent* to demand an accounting from the fiduciary and if his performance has not measured up to the standards of diligence and prudence required by law, to hold him liable for any damages which they have sustained by reason of his culpable acts or derelictions.

Under ordinary circumstances, a trust beneficiary possesses no right to interfere with the acts of the trustee in the management of the trust property. The rare exceptions to this rule are confined almost exclusively to situations in which the trustee has failed or refused to act. In the present instance he acted, but in an unfortunate manner. In any event, the only authority which a trust beneficiary may ever assert on behalf of an estate is one which the fiduciary possesses. Here, the fiduciary possesses no rights as against the State Tax Commission in whose favor the adjudication runs, and consequently no derivative right can exist in favor of the applicant.

The application whereas denominated one to " resettle," is in reality to vacate the prior determination. Resettlement is permissible only for the inclusion in a judicial pronouncement of some recital or provision which was initially omitted through inadvertence. It is a " procedure of correction or clarification, not one to change

or amplify the direction of the court." (*Ruland* v. *Tuthill*, 187 App. Div. 314, 315; *Matter of Bartlett*, 164 Misc. 524, 525; *Pringle* v. *Edenwald Realty Corp.*, 175 id. 137, 138.) It is unavailable in a situation where the object sought is an alteration of the decision actually made. (*Butterfield* v. *Bennett*, 56 Hun, 640; *Deutermann* v. *Pollock*, 36 App. Div. 522, 523; *Matter of Putnam*, 173 Misc. 151, 152; Butler N. Y. Surrogate Law & Practice, § 749.) To attain such an end, there must be an actual vacatur of the order or decree in question. The only grounds for such an application are those enumerated in subdivision 6 of section 20 of the Surrogate's Court 'Act. Here there was, to be sure, an error of law on the part of the executor in the evaluation of the legal validity of the claims. Such an error is not one which may form the basis for a vacatur of a judicial determination. (*Bohlen* v. *Metropolitan Elev. R. Co.*, 121 N. Y. 546, 551; *Matter of Ungrich*, 201 id. 415, 418; *Kamp* v. *Kamp*, 59 id. 212, 215, 216; *Heath* v. *N. Y. Bldg. L. B. Co.*, 146 id. 260, 263; *People ex rel. Bankers Trust Co.* v. *Graves*, 270 id. 316, 320; *Matter of White*, 170 Misc. 657, 659; *Matter of Brady*, 147 id. 613, 615.) The executor could not himself successfully seek relief by reason of it and the present applicant does not stand in any superior position. His sole remedy was *in personam* against the executor for negligent action in the premises.

The application will be denied.

Enter order on notice in conformity herewith.