ADOLPHUS BELL, Plaintiff, *v.* AMES, CONEHAN & NEWMAN, INC., et al., Defendants.

City Court of New York, Special Term, New York County, March 22, 1943.

*Samuel W. Weiss* for defendants.

*Moses M. Cohen* for plaintiff.

KAHN, J. This is a motion for leave to amend the answer to assert a separate and distinct defense. The proposed defense is coupled with a prayer for affirmative relief asking the reformation of a contract. While this court has power to entertain an equitable defense, it has no jurisdiction with respect to an equitable counterclaim. (*Schreiber* v. *Noe,* 137 Misc. 105.) The amendment of section 18 of the New York City Court Act in 1936 (L. 1936, ch. 324) did not operate to vest this court with jurisdiction over an equitable counterclaim, but merely extended its jurisdiction to every type of counterclaim at law. The history of the jurisdiction of the City Court of the City of New York is incompatible with any assertion of such broad equitable powers as defendants here seek to invoke. (Report of the New York State Constitutional Convention Committee [1938] vol. IX, pp. 264–276.)

Analyzing the allegations solely as an equitable defense, two things, in a sense inconsistent, would appear to be alleged: (1) that the " contract " is not as plaintiff alleges; (2) that the " contract," although being what plaintiff claims, was entered into under a mutual mistake of fact and law.

With respect to the first point, no affirmative defense is necessary. Defendants can show under a general denial the actual terms of employment.

Insofar as the second point is concerned, it does not appear that a formal written agreement is involved. (Cf. *Adams* v. *Union Dime Savings Bank,* 43 F. Supp. 1022.) It would rather appear that plaintiff was working under an oral agreement that constituted a hiring at will. What defendants really claim is that they were unaware until recently that plaintiff was working in interstate commerce, and that had they known that fact they would have changed the terms of the hiring long ago. This is not the sort of mistake for which the law will afford relief; at least it does not constitute a defense to a suit to recover under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) for work actually performed.

For these reasons, the motion must be denied.

Order signed.