WALTER J. WOLF et al., as Trustees under the Will of SAMUEL W. PECK, Deceased, et al., Plaintiffs, *v.* ADOLPHUS BELL, Defendant.[*]

Supreme Court, Special Term, New York County, April 24, 1943.

*Moses M. Cohen* for defendant.

*Wolf & Kohn* for plaintiffs.

McLAUGHLIN, J. Motion to dismiss the complaint on the ground that it does not state facts to constitute a cause of action and also on the ground that there is another action pending.

The complaint seeks a reformation of a contract of oral employment by having it comply with the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*) There is also relief asked in the form of an injunction staying the prosecution of the defendant's action against the plaintiffs in the City Court of the City of New York. Back in 1926, the defendant was hired as elevator operator, superintendent and general repairman at premises 6 West 29th Street, in the borough of Manhattan. The premises consisted of a loft building. There seems to have been no formal contract, but he was paid the sum of twenty dollars a week. It is claimed that he worked more than the time prescribed by the Fair Labor Standards Act. In 1942 his salary was raised to twenty-two dollars a week.

The complaint asserts that the employment agreement was entered into under a mutual and *bona fide* belief that the defend-

[*] Cf. *Brooklyn Savings Bank* v. *Xuerelb*, 180 Misc. 688.— [REP.

ant was not engaged in interstate commerce or in the production of goods for interstate commerce and that the Fair Labor Standards Act of 1938 had no application to the relationship of plaintiffs with defendant. The complaint also asserts that the plaintiffs and defendant acted under a mutual mistake of fact and law in this belief. In December, 1942, the defendant instituted an action in the City Court of the City of New York, County of New York, to recover moneys due him for overtime pursuant to the Fair Labor Standards Act. In that action two of the present plaintiffs, who were the defendants therein, moved for leave to amend their answer to set up a defense for reformation of the contract. One of the grounds set forth was that there was a mistake and to correct that mistake they asked that the contract be reformed. The motion was denied. (*Bell* v. *Ames, Conehan & Newman, Inc.,* 179 Misc. 1059.)

The complaint herein alleges that it was the intention of the parties that their contract should be lawful and that the defendant should receive only the stipulated weekly wages; that the contract as it now stands is inequitable and grossly unconscionable and, had the parties realized that the Act applied to their agreement, they would have inserted a formula fixing the rate of pay according to the hours actually worked and not according to the present weekly arrangement so that there would have been no violation of the statute.

While the enforcement of this statute in the present case creates hardship to the plaintiffs and an unexpected windfall to the defendant, nevertheless the court is unable to discover any grounds for the reformation of the contract of employment. The elements necessary for a reformation are lacking. Ignorance of the law itself does not constitute a ground for reformation of a contract. No fraud is alleged and no mutual mistake has been shown. Had the parties realized the effect of the Fair Labor Standards Act, undoubtedly, it may be presumed, they would not have so contracted, but this is a mistake of law and no relief can be afforded based upon it.

Motion to dismiss the complaint is granted. In view of this decision, it is unnecessary to pass upon the second point raised, as there is no longer any action here in which the City Court action might be stayed. Settle order.