In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK et al., as Trustees under the Will of SIGFRIED SCHLUECHTERER, Deceased.

Surrogate's Court, New York County, February 1, 1952.

*Copal Mintz* for Olga Mayer and another, for motion.

*Irving H. Saypol, United States Attorney for the Southern District of New York (Lawrence G. Greene* of counsel), for J. Howard McGrath, Attorney General of the United States, as successor to the Alien Property Custodian, opposed.

*John J. Duffy* for trustees, opposed.

COLLINS, S. This is an application to resettle a decree in an accounting proceeding in which construction of the will was prayed for and allowed. The decree contained a provision fixing the date of the death of Helene Nordlinger, life beneficiary of a trust under subdivision 1 of article 3rd of the will and a contingent remainderman of the trust for the benefit of Gustave Schluechterer under subdivision 3 of article 3rd of the will, as of August 19, 1942. The will was construed as directing that the remainder in the trust for the benefit of Gustave Schluechterer vested in a class composed of those of his brothers and sisters who survived him and the issue of such brothers and sisters as did not. Gustave Schluechterer died September 22, 1932, at which time one third of the remainder of the trust vested in Helene Nordlinger subject only to a secondary life estate for the benefit of Ottilie Schluechterer, the widow of Gustave. Ottilie died on September 28, 1942, and the trust was thereupon terminated. On April 14, 1947, the Alien Property

Custodian vested all right, title and interest of Helene Nordlinger in all of the trusts under the will.

The moving parties on this application claim to be the sole distributees of Helene Nordlinger and contend that by reason of the fact that under German law they succeeded to the interest of their mother on the instant of her death, the decree directing payment to the Alien Property Custodian under the terms of the vesting order was based upon a mistake of fact and that the vesting order was for that reason a nullity. The application to reopen is opposed by the trustees who have made payments to the Alien Property Custodian in conformity with the provisions of the decree as well as by the Office of Alien Property.

It would appear that the moving parties have mistaken their remedy. Subdivision (c) of section 7 of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) provides as follows: " The sole relief and remedy of any person having any claim to any money or other property heretofore or hereafter conveyed, transferred, assigned, delivered, or paid over to the Alien Property Custodian, or required so to be, or seized by him shall be that provided by the terms of this Act, and in the event of sale or other disposition of such property by the Alien Property Custodian, shall be limited to and enforced against the net proceeds received therefrom and held by the Alien Property Custodian or by the Treasurer of the United States."

The fact that the vesting order was issued after the death of Helene Nordlinger does not affect its validity (*Miller* v. *Schutte,* 287 F. 604, appeal dismissed 263 U. S. 730.) As was pointed out by Surrogate FOLEY in *Matter of Dieudonne* (186 Misc. 642, 646) : " Insofar as the interests of any alien are involved herein, the order of the Alien Property Custodian would be effectual even if the death of such alien had occurred prior to the date of the vesting order. (*Miller* v. *Schutte,* 287 F. 604, appeal dismissed *sub nom. Schutte* v. *Miller,* 263 U. S. 730.) If the deaths of those parties will be hereafter shown to have occurred before the time of the actual payment over to the Alien Property Custodian, any person, not an alien enemy, entitled to succession to the money under the terms of the will may enforce his or her demand under the procedure outlined in the Trading with the Enemy Act by claim or by action in the Federal Courts. (Trading with the Enemy Act, § 9, U. S. Code, tit. 50, Appendix, § 9.)"

The application could not be allowed even if it were to be assumed that German law was incorrectly applied. If that were in fact the case at best it amounted to a mistake of law, however, and as such may be rectified only on appeal (*Matter of Bartlett,* 164 Misc. 524; *Wolf* v. *Bell,* 180 Misc. 587). For the reasons stated, the motion for resettlement is denied (*Cummings* v. *Deutsche Bank,* 300 U. S. 115). Submit order on notice.