In the Matter of the Accounting of FIRST TRUST & DEPOSIT COMPANY, as Trustee and Administrator of the Estate of GEORGE BAUSCH, Deceased, Respondent. CARL L. BAUSCH et al., Appellants.

Fourth Department, April 29, 1953.

*James G. Dale* for appellants.

*H. Duane Bruce* for respondent.

*Per Curiam.* Upon a prior appeal in this same accounting proceeding, this court held that the trustee should not be indemnified from the trust estate for the expense of legal services rendered and disbursements made which it had incurred in defending itself against charges of self-dealing. We also held that the trustee be surcharged individually for the expenses incurred by the objectants for legal services and disbursements in litigating the liability of the trustee arising out of the same acts of self-dealing (280 App. Div. 482). We gave no specific instructions for carrying out such directives, leaving it to the Surrogate to determine the method by which the required evidence establishing legal fees and expenses should be presented.

In an order dated August 28, 1952, the Surrogate clearly pointed out the method to be followed in carrying out the mandate of this court. Thereafter and under the guise of an appli-

cation made by respondent to resettle the order of August 28, 1952, the Surrogate made an order dated November 21, 1952, deleting ordering clauses 2 and 3 therefrom and inserting therein the following clause: " Ordered that this order is without prejudice to the institution by the proper party or parties of further proceedings in accordance with the opinion of the Appellate Division, Fourth Department, made July 9, 1952."

The action of the Surrogate, in our opinion, is in no sense a resettlement but rather a vacatur of substantial portions of the prior determination.

" Resettlement is permissible only for the inclusion in a judicial pronouncement of some recital or provision which was initially omitted through inadvertence. It is a ' procedure of correction or clarification, not one to change or amplify the direction of the court.' " (*Matter of Chisholm,* 177 Misc. 423, 425–426; see, also, *Matter of Bartlett,* 164 Misc. 524; 1 Carmody-Wait Cyclopedia of New York Practice, p. 723, § 135, and 1 Carmody on New York Practice, § 388.)

It follows that the order of November 21, 1952, should be reversed and the matter of the accounting remitted to the Surrogate to proceed in accordance with the order of August 28, 1952.

All concur: Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law and facts, with $10 costs and disbursements, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.