■ HARPER-MALONE Co., INC., Appellant, v. REYNOLDS & Co., Respondent. — Resettled order entered on January 3, 1963, directing plaintiff to post security for costs in the amount of $2,500, unanimously modified, with $20 costs and disbursements to appellant, to reduce the amount to $250, without prejudice to the right of defendant to move at any stage of the action upon a proper showing to require plaintiff to furnish additional security. Defendant originally moved pursuant to sections 1522 and 1524 of the Civil Practice Act to require plaintiff to give security for costs. The provisions of these sections limited the amount of security to $250. Such relief was granted in the original order. Defendant thereafter moved to resettle the order so as to fix the amount of security in the sum of $2,500. The granting of such relief under the guise of resettling the order was improper (*Matter of Bausch*, 281 App. Div. 544). Security in excess of $250 could have been granted only under the provisions of section 1528 and such was never requested by defendant in its original motion. Defendant is not assisted by the consolidated provisions of article 85 of the Civil Practice Law and Rules as it has made no adequate showing that security in excess of $250 should be required. Concur — Botein, P. J., Valente, McNally, Eager and Bastow, JJ.

■ FRANCES B. HOROWITZ, Respondent, v. SIDNEY L. HOROWITZ, Appellant. — Order, entered on September 16, 1963, unanimously modified, on the law and the facts, by reducing the counsel fee to $2,500, payable one half within 30 days after service of a copy of the order entered herein and the remainder when the action first appears on the Ready Day Calendar, and as so modified, affirmed, without costs. Upon the facts here presented, the award of counsel fees in the sum of $4,000 was excessive. While it does not clearly appear from the decision or order, we construe the award of temporary alimony in the weekly sum of $300 to require that plaintiff shall pay therefrom the carrying charges and cost of maintenance of the residence owned by the parties as tenants by the entirety and possession of which has been given to respondent for sole occupancy by herself and the children. Concur — Botein, P. J., Valente, McNally, Eager and Bastow, JJ.

■ DESIDERIO BURGOS, Respondent, v. J. SANTINI BROS., INC., et al., Appellants.— Judgment, entered February 15, 1963, in favor of plaintiff in the sum of $19,195.10, unanimously reversed, on the law and on the facts, the verdict vacated, and a new trial granted, with costs to defendants-appellants, unless plaintiff stipulates to accept $7,500 in lieu of the award by verdict, in which event the judgment is modified to that extent, and is affirmed as thus modified, with costs to defendants-appellants. In this personal injury action the jury's verdict is grossly excessive in its award of damages and a verdict in excess of $7,500 is not warranted by the record. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Steuer and Bastow, JJ.