■ In the Matter of HARRISON WILLIAMS, Deceased. ARTHUR H. DEAN et al., as Executors of HARRISON WILLIAMS, Deceased, Appellants; STATE TAX COMMISSION, Respondent.— In a proceeding to appraise the estate of a decedent for the purpose of fixing the estate tax under the provisions of article 10-C of the Tax Law, the executors appeal from a decree of the Surrogate's Court, Nassau County, entered May 4, 1962 upon the opinion and decision of the court, which denied their motion to reopen the court's prior *pro forma* order, entered June 28, 1957, fixing the estate tax, and to remit the matter to the official appraiser for amendment in the light of supervening circumstances. Decree reversed on the law and on the facts and in the exercise of discretion, and motion granted, without costs. Findings of fact implicit in the decision of the Surrogate, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. The motion to reopen was addressed to the discretion of the Surrogate, to be exercised within the broad power conferred upon him by statute (Surrogate's Ct. Act, § 20, subd. 6). The discretion of this court supersedes that of the Surrogate (Surrogate's Ct. Act, § 309). With respect to the executors' statement in their May, 1957 affidavit relating to additional legal fees dependent upon the outcome of existent litigation, we regard such statement to be a reservation as to the tax proceeding and as to the fixation order of June 28, 1957. Some seven months after the making of such order, a Federal stockholders' derivative action, based on alleged transactions of the testator with respect to a corporation of which he had been a director, was commenced; in that action judgment against the estate was sought in excess of the gross assets of the estate. In our opinion the compromise settlement of that action for $800,000 should be deducted for tax purposes. It was a bona fide agreement even though the executors were opposed and even though the testator's widow favored settlement in order to acquire assets of the estate. Such a purpose is not improper. The money was paid to the alleged aggrieved corporation; the settlement was approved by court order; and dismissal of the complaint against codefendants was denied. No claim is made that the suit was without semblance of merit or that the payment was a gift. Counsel

fees in connection with the Federal action, as well as those heretofore referred to, together with taxes and disbursements which have accrued since the original *pro forma* tax order, should also be deducted for tax purposes. The proposed corrections conform to the actual facts (*Matter of Willets*, 119 App. Div. 119, affd. 190 N. Y. 527; *Matter of Weiss*, 275 N. Y. 618; *Matter of Weiler*, 122 N. Y. S. 608, affd. 139 App. Div. 905; *Matter of Silliman*, 79 App. Div. 98, affd. 175 N. Y. 513; cf. *Matter of Chisholm*, 177 Misc. 423, affd. 264 App. Div. 793, affd. 290 N. Y. 842). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur. [28 Misc 2d 659.]